In the Matter of Proving the Will of DANIEL CUNNINGHAM, Deceased.

MARY PHILLIPS et al., Appellants; LOUIS J. SLOANE et al., as Executors, et al., Respondents.

Will — validity of bequest to be applied by executors to such charitable and benevolent associations as they may select.

The will of testator provided: "Second. I give and bequeath to my said executors and trustees, hereinafter named, the sum of fifty thousand dollars to be by them applied in their best judgment and discretion to such charitable and benevolent associations and institutions of learning for the general uses and purposes of such associations and institutions as my said executors may select, and in such sums respectively as they may deem proper." *Held,* that

these provisions are capable of being enforced by judicial decree and are valid. (Pers. Prop. Law, § 12; Real Prop. Law, § 113; *Matter of Shattuck*, 193 N. Y. 446, 451, distinguished; *Matter of Robinson*, 203 N. Y. 380, 382, followed.)

*Matter of Cunningham*, 151 App. Div. 941, affirmed.

(Argued November 19, 1912; decided December 10, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 6, 1912, affirming that part of a decree of the Surrogate's Court of the county of New York which adjudges that the bequest contained in the second paragraph of the will of Daniel Cunningham, deceased, namely, the bequest of $50,000 for charitable uses, is a valid and lawful bequest.

The facts, so far as material, are stated in the opinion.

*Robert L. Wensley* for Mary Phillips et al., appellants. The bequest contained in the second paragraph of the will under review is to institutions which may be public or private, and is, therefore, void. (*Matter of Shattuck*, 193 N. Y. 446.) The paragraph of the will under review is invalid because the purpose of the trust is indefinite and uncertain. (*Holmes* v. *Mead*, 52 N. Y. 332; *Allen* v. *Stevens*, 161 N. Y. 122; *Fairchild* v. *Edson*, 154 N. Y. 211; *People* v. *Powers*, 147 N. Y. 110.)

*Henry D. Estabrook* for Catherine Luttrell, appellant. The bequest contained in the second paragraph of the will under consideration is void, inasmuch as the trust which it creates is for the benefit of institutions which may be private, and inasmuch as the beneficiaries and purposes of the bequest are too uncertain. (*Matter of Shattuck*, 193 N. Y. 446; 1 R. S. 773, §§ 1, 2; *Williams* v. *Williams*, 8 N. Y. 525; *Owens* v. *Missionary Soc. of M. E. Church*, 14 N. Y. 380; *Bascom* v. *Albertson*, 34 N. Y. 583; *Tilden* v. *Green*, 130 N. Y. 29; *Allen* v. *Stevens*, 161 N. Y. 122; *Abrahams* v. *English*, 17 N. J.

L. 280; *Janrey* v. *Sprigg*, 7 Gill, 197; *Harris* v. *Taylor*, 5 N. J. L. 413; *Courter* v. *Stagg*, 27 N. J. Eq. 305; *East* v. *Garrett*, 84 Va. 523; *Sayward* v. *Sayward*, 7 Me. 210; *Downing* v. *Wherrin*, 19 N. H. 9; *Maguire* v. *Moore*, 108 Mo. 267; *Keniston* v. *Adams,* 80 Me. 290; *Ray* v. *Enslin*, 2 Mass. 554.)

*John Thomas Smith* for Peter Cunningham, appellant. A gift in trust to executors to be applied in their discretion to any institution of learning is not a valid charitable trust. (*Matier of Shattuck*, 193 N. Y. 443.) The present trust is for purposes so vague and uncertain as not to be subject to enforcement by the court and is, therefore, invalid. (*Williams* v. *Williams*, 8 N. Y. 525; *Owens* v. *Missionary Society, etc.,* 14 N. Y. 380; *Beekman* v. *Bonsor*, 23 N. Y. 306; *Levy* v. *Levy*, 33 N. Y. 97; *Holland* v. *Alcock*, 108 N. Y. 312; *Trustees, etc.,* v. *Hart*, 4 Wheat. 1; *Fontain* v. *Ravenel*, 17 How. 369; *Gamble* v. *Trippe*, 15 L. R. A. 235; *Webster* v. *Morris*, 66 Wis. 366; *Matter of Macduff*, 65 L. J. Ch. 700; *Jarman's Estate*, L. R. [8 Ch. Div.] 1878, 584; *Williams* v. *Kershaw*, 5 Cl. & F. 111; *Ellis* v. *Selby*, 7 Simons, 352.)

*Daniel J. Mooney* for Patrick Cunningham et al., appellants. The disposition of the fund attempted to be made by the second paragraph of the will is so indefinite and uncertain in its purposes as to be impossible of administration, and, therefore, void. (*Pritchard* v. *Thompson*, 95 N. Y. 76; *Fosdick* v. *Town of Hempstead*, 125 N. Y. 581; *People* v. *Powers*, 147 N. Y. 104; *Allen* v. *Stevens*, 161 N. Y. 122; *Matter of Shattuck*, 193 N. Y. 446; *People* v. *Powers*, 147 N. Y. 104.)

*Thomas F. Gilroy, Jr.,* for Louis J. Sloane et al., as executors, respondents. The second paragraph of the will being for charitable purposes generally is a valid testamentary disposition, even if construed to be indefi-

nite both as to beneficiaries and as to the specific pur-
poses of the testator. (*Williams* v. *Williams*, 8 N. Y.
524; *Ommaney* v. *Butcher*, Turner & R. 260; *Matter of
Robinson*, 203 N. Y. 380; *Allen* v. *Stevens*, 161 N. Y.
122; *Jackson* v. *Phillips*, 14 Allen, 574; *Carey* v. *Abbot*,
7 Ves. 490; *Coggeshall* v. *Pelton*, 7 Johns. Ch. 292; *Pot-
ter* v. *Chapin*, 6 Paige, 649; *McCartee* v. *Orphan
Asylum*, 9 Cow. 437; *Kniskern* v. *Lutheran Church*, 1
Sandf. Ch. 439; *Vidale* v. *Girard's Executors*, 2 How.
[U. S.] 127.)

*Thomas Carmody, Attorney-General* (*Henry Selden
Bacon* of counsel), for respondent. The trust in this case
is sufficiently definite as to purposes and beneficiaries to be
enforced by the Supreme Court. (*Allen* v. *Stevens*, 161
N. Y. 140; *Matter of Robinson*, 203 N. Y. 380; *Manley*
v. *Fiske*, 139 App. Div. 665; 201 N. Y. 546; *Starr* v.
*Selleck*, 145 App. Div. 869; 205 N. Y. 545; *People* v.
*Powers*, 147 N. Y. 104.)

WILLARD BARTLETT, J. The only question presented
by this appeal relates to the validity of the second para-
graph of the will of Daniel Cunningham, deceased,
which was executed on January 25, 1907, and became
effective upon the death of the testator on October 8,
1911. The paragraph reads as follows:

"*Second.* I give and bequeath to my said executors
and trustees, hereinafter named, the sum of fifty thou-
sand dollars to be by them applied in their best judgment
and discretion to such charitable and benevolent associa-
tions and institutions of learning for the general uses
and purposes of such associations and institutions as my
said executors may select, and in such sums respectively
as they may deem proper."

In the celebrated Tilden will case, decided by the Sec-
ond Division of the Court of Appeals in 1891 (*Tilden* v.
*Green*, 130 N. Y. 29), the charitable trust which the

testator attempted to establish was adjudged invalid on account of the indefiniteness and uncertainty of the beneficiaries. This decision led to the enactment of chapter 701 of the Laws of 1893, now substantially embodied in section 12 of the Personal Property Law and section 113 of the Real Property Law, providing that no gift, grant or bequest or devise to religious, educational, charitable or benevolent uses, in other respects valid, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as beneficiaries thereunder in the instrument creating the same. The attorney-general is empowered to represent the beneficiaries in all such cases, and it is made his duty to enforce such trusts by proper proceedings in the Supreme Court.

Notwithstanding the effect of this legislation in preventing gifts for religious, educational, charitable or benevolent uses from failing on account of indefiniteness or uncertainty in the designation of the beneficiaries, it is nevertheless "necessary for a testator to define his purpose and intention in making a trust sufficiently so that the court at the instance of the attorney-general representing the beneficiaries, can by order direct in carrying out the trust duty." (*Matter of Shattuck*, 193 N. Y. 446, 451.)

In the case cited Mary E. Shattuck devised and bequeathed her residuary estate to her executor in trust, "the rents, profits and income thereof to be expended by him annually and to be paid over to religious, educational or eleemosynary institutions as in his judgment shall seem advisable, not more than $500, however, to be paid to any one such institution in any one year."

The trust thus sought to be established was held by this court to be so indefinite and uncertain in its purposes, as distinguished from its beneficiaries, as to be impossible of administration. "The intention of the legislature in passing the act of 1893," said Judge CHASE, "was to

save to the public, charitable gifts made in trust to uncertain and indefinite beneficiaries. Gifts for the benefit of private institutions or individuals were not intended to be included within its provisions." (p. 452.) Inasmuch as it was possible, under the terms of the Shattuck trust, that it might be devoted in whole or in part to private use, the entire gift was pronounced invalid.

In *Matter of Robinson* (203 N. Y. 380, 382) the purposes of the trust vested in the executors as set forth in the will were as follows:

"To provide shelter, necessaries of life, education, general or specific, and such other financial aid as may seem to them fitting and proper to such persons as they shall select as being in need of the same. Preference is to be given to persons who are elderly or disabled from work, and to persons who are Christians, of good moral character, members of one of the so-called evangelical churches, to wit, the Methodist, Baptist, Presbyterian, Congregational, Moravian or Episcopal, and who are not addicted to the use of intoxicants or tobacco, nor to attendance at theatrical entertainments."

It was held that this language did not contemplate a gift to an educational *institution* and hence did not fall within the condemnation of the decision in the *Shattuck* case where it was said that the unqualified term *educational institution* did not necessarily import a public or charitable institution but might include a private institution as well and, therefore, did not suffice to bring a gift within the scope of the act of 1893.

In the case at bar the sum of $50,000, bequeathed by Mr. Cunningham to his executors and trustees, is "to be by them applied in their best judgment and discretion to such charitable and benevolent associations and institutions of learning for the general uses and purposes of such associations and institutions as my said executors may select and in such sums as they may deem proper." The learned surrogate has held that the word "chari-

table " in this clause of the will qualifies the term "institutions of learning " just as much as it qualifies the word "associations;" so that the limitation is to be considered as though it read "to such charitable associations and to such benevolent associations and such institutions of learning as are charitable, as my said executors may select." He says truly that a charitable purpose pervades and dominates the whole bequest; and he invokes the doctrine, most recently reiterated by this court in *Matter of Robinson (supra)*, that where a testamentary paragraph is susceptible of more than one construction, that construction is to be preferred which is fairly within the rules of law and sustains the trust and devotes the fund included therein to purposes promoting the good of humanity.

This court has held that the enactment of chapter 701 of the Laws of 1893 was part of a general scheme to restore to the courts of equity the power formerly exercised by Chancery in the regulation of gifts for charitable purposes. (*Allen* v. *Stevens*, 161 N. Y. 122, 142.) The opinion of Judge DENIO in *Williams* v. *Williams* (8 N. Y. 525, 548) contains a clear and elaborate exposition of that power, its nature and extent, as it formerly prevailed in this state. It seems clear that under the act of 1893 (and the provisions of the Personal Property Law and the Real Property Law which have been substituted therefor) the law of charitable trusts in New York is now at least as broad as was declared in the *Williams* case. "In this country," said Judge DENIO, " the question whether a gift to a particular purpose is a valid charitable gift, is to be resolved by a reference to the determinations of the English Court of Chancery, whether that court reposed itself upon the parliamentary definition, (43 Eliz. ch. 4) or arrived at its judgment in any other manner. * * * Where the gift is capable of being executed by judicial decree, I know of no reason why the court should refuse to execute it."

In the present case the purpose of the testator is just as definite, it seems to me, as was the purpose expressed or implied in the bequest which we upheld in *Matter of Robinson* (*supra*). If that was capable of being executed by judicial decree, so is this. The difficulties in the way of administering the trust here, so as to carry out the charitable intentions of the testator, are no greater than they were there; and having sustained that gift, after careful consideration, I think we must sustain this one.

A considerable number of English cases might be cited in which the purpose of the charitable trust which received the sanction of the court was quite as indefinite. I shall refer to only a few of them. In *Moggridge* v. *Thackwell* (7 Vesey, 36 b. 85) Ann Cain gave her residuary personal estate to her executor, "desiring him to dispose of the same in such charities as he shall think fit, recommending poor clergymen who have large families and good characters;" and Lord ELDON affirmed the decree of Lord THURLOW who had held that the trust was sufficiently definite to be executed by the court. In *Legge* v. *Asgill* (Turner & Russell, 265, note) the testatrix made a number of bequests in her will, and executed a codicil providing: "If there is money left unemployed, I desire it may be given in charity." It was held that this was an effective gift of £2,000 of personal estate to charitable purposes. In *Whicker* v. *Hume* (7 House of Lords Cases, 123, 154) there was a bequest of personal property "upon trust to apply and appropriate the same in such manner as the said trustees or trustee shall, in their absolute and uncontrolled discretion, think proper and expedient for the benefit, and advancement and propagation of education and learning in every part of the world." It was objected that the gift was of such an extensive nature that it was impossible to carry it into effect; but Lord CHELMSFORD held that the purpose of the testator was to promote teaching and instruction, and the circumstance that the whole habitable world was open to the discretion

of the trustees did not prevent the gift from being available as a good charitable bequest.

I cite these cases merely as affording striking examples of indefiniteness of purpose in charitable bequests which have, nevertheless, been upheld as valid. For the reasons which have been stated, I think that the gift under consideration in the present case ought not to be allowed to fail either on account of the indefiniteness of the purpose of the testator or the indefiniteness of the beneficiaries. The order appealed from should be affirmed, with costs to the guardian *ad litem*, payable out of the estate, and costs to the attorney-general and the proponents against the appellants other than those represented by the guardian.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Order affirmed.