BAPTIST HOME OF MONROE COUNTY v. GARDNER et al.

(Supreme Court, Equity Term, Monroe County.   October 6, 1914.)

1. CHARITIES (§ 21*)—VALIDITY—INDEFINITENESS OF BENEFICIARIES.
   A testamentary gift to a trustee in trust, to apply the income for the benefit of such worthy, needy, and deserving institutions and persons, and for such educational and benevolent purposes, as the trustee should deem proper, vests in the trustee discretion as to the selection of the persons and institutions, within Personal Property Law (Consol. Laws 1909, c. 41) § 12, and the gift is not void for indefiniteness of beneficiaries.
   [Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 44-50; Dec. Dig. § 21.*]

2. CHARITIES (§ 48*)—BENEFICIARIES—DISCRETION OF TRUSTEE.
   The discretion as to beneficiaries vested in the trustee by the will is his, and the court will not intervene to control its honest exercise.
   [Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 78, 81, 104, 106; Dec. Dig. § 48.*]

3. CHARITIES (§ 48*)—MANAGEMENT OF PROPERTY—LOANS BY TRUSTEE.
   A testamentary gift to a trustee to apply the income to worthy, needy, and deserving institutions and persons, and for educational and benevolent purposes, with power to loan without security any part of the income to those whom he deems within the scope of the trust, allows the trustee to make loans without requiring any security for repayment, and the trustee is not accountable for a loss occasioned by any failure of repayment.
   [Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 78, 81, 104, 106; Dec. Dig. § 48.*]

Action by the Baptist Home of Monroe County against Anson L. Gardner, as trustee, and others, for the construction of the will of Harriet M. Goodsell, deceased.   Judgment directed.

H. F. Remington, of Rochester, and C. W. Butler, of Fairport, for plaintiff.

J. H. Hicks and A. L. Gardner, both of Canandaigua, for defendant trustee.

Earl F. Case, of Canandaigua, for defendant Bowdy.

G. A. Nicholson, of Canandaigua, special guardian for infant defendants.

SAWYER, J.   There seems to be no indefiniteness or uncertainty as to the purpose of the trusts erected by the forty-ninth clause of the will of Harriet M. Goodsell, herein submitted to the court for construction.

[1] The feeling that the wealth which was hers was but held in trust, under God, for the benefit of mankind, and her sense of responsibility for its just use, are vividly set forth in the opening words of the sixteenth clause of the will, and clearly indicated in that under consideration.   She intended that the residue of her estate should "be used for the benefit of worthy institutions, and worthy persons," and accordingly provided that its income should be applied and expended for the "benefit of such institutions and persons who may be worthy, needy, and deserving of the same," and authorized the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trustee to use it for "educational and benevolent purposes, but only in such instances as he may be satisfied should receive such aid." This last qualifying sentence imports clearly her intention to be those whom he was satisfied came within the descriptive limitation theretofore expressed, viz., "were worthy, needy and deserving of" aid.

In my judgment the language used by her relieves the trust from the criticism which led to the disapproval of that before the court in Matter of Shattuck, 193 N. Y. 446, 86 N. E. 455, and establishes it as one for public uses within the meaning of section 12 of the Personal Property Law. While no individual person or institution is named as the beneficiary of the testatrix's bounty, the discretion vested in the trustee as to their selection is carefully limited, and extends only for such purposes, and to those, as fall within the contemplation of the statute.

That such a bequest is not void because of indefiniteness of beneficiaries is well settled, and needs no discussion. Matter of Robinson, 203 N. Y. 380, 96 N. E. 925, 37 L. R. A. (N. S.) 1023; Matter of Cunningham, 206 N. Y. 601, 100 N. E. 437.

The stipulation under which this action is submitted shows that the defendants Bowdy, Dye, and Hogenboom fall within the classes of persons described in the will as the intended beneficiaries of Mrs. Goodsell, and that the plaintiff is a membership corporation created under the laws of this state for benevolent and charitable purposes, and that all of the said defendants are worthy, needy, and deserving of a portion of the income of said trust estate; also, that it was specifically intended by the testatrix that plaintiff should receive the income of $5,000.

[2] The attempted disposition of the estate is, as pointed out, within the permissive policy of our law; each of said defendants belong to a class not only intended by the testatrix, but for which a valid trust may be erected, and, if in the exercise of the trustee's discretion, they are proper and suitable persons to benefit therefrom, he is authorized and empowered to pay over to them for the purposes indicated such portion of the income as shall seem to him necessary and proper. The discretion is his, and the court will not direct nor intervene to control its honest exercise. Manning v. Sheehan, 75 Misc. Rep. 375, 133 N. Y. Supp. 1006.

The scheme of this will is that the principal of the trust funds is to be held intact and the income, only, devoted to the uses and purposes of the trust. It nowhere contemplates a distribution of the principal either outright or by indirection among those whom the trustee may deem within the purview of its beneficial provisions.

[3] The last paragraph of the forty-ninth clause of the will does not authorize either the payment over absolutely or a loaning without security of any portion of the principal fund to its beneficiaries. The trustee may, under its authority, pay out any portion of the income to those whom he deems within the scope of its provisions, or he may loan or advance to them under a promise of repayment, so much thereof as shall seem to him fitting and proper. Using the case of the defendant H. Mildred Dye as an illustration: It may be rea-

sonably expected that she will ultimately become self-sustaining and enabled, by reason of her education, to earn and repay the moneys used for her benefit. This clause authorizes the trustee, instead of giving money to her outright for the indicated purpose, to advance it to her upon promise of repayment, to the end that, ultimately, it shall be returned to him for similar use in connection with some other equally worthy and needy person.

In so directing, the testatrix foresaw that any person likely to become the object of her bounty would doubtless be unable to give security for repayment, and might never be able or willing to repay; she, therefore, to insure the carrying out of her intention, provided that security need not be required for any such loans, and protected her trustee in their making by, also, providing that in case of nonpayment he shall not be held accountable for the loss occasioned thereby.

Without these two safeguards, a trustee would in all probability feel his only safety lay in outright giving, and the intention of Mrs. Goodsell to in proper cases provide for a return of the moneys advanced, so that it might be used for other beneficiaries, entirely defeated.

Judgment in accordance with the foregoing is directed, with costs to all parties payable from the fund.

Findings and proposed judgment may be submitted for signature.