In the Matter of the Accounting of FURMAN CLAYTON, as Executor of MARY C. DURBROW, Deceased, Respondent. FAITH HOME FOR INCURABLES et al., Appellants; EDWARD W. CURTIS, JR., et al., Respondents.

**Will — gifts for charitable and religious purposes will be given effect if possible under most liberal rules of construction — direction for distribution of residue where " it will be most effective in advancement of Christ's Kingdom on earth " in its nature religious, and valid — trust will be implied — not affected by indefiniteness of beneficiaries.**

1. Where the intention to make a gift for charitable and religious purposes pervades and dominates a bequest the court will give it effect if it is possible so to do by the application of the most liberal rules of construction that the law will permit. If the gift is so indefinite and uncertain as to include uses which are not in a broad sense charitable and religious, but may be personal, private or selfish in their character, its benevolent purpose will not save it, but if a definite charitable purpose may be found within the limits of a testator's language; if it is reasonably clear that a testator had in mind that his bequest should be devoted only to purposes of charity, his language should be construed in a broad and liberal spirit in accordance with his intention and the gift upheld, although the will may be susceptible of a construction which would permit the gift to be used for private or secular purposes.

2. The expressed purpose of the residuary clause of a will, directing the executor to distribute the residue where he " shall consider it will be most effective in the advancement of Christ's Kingdom on earth," is to promote the cause of the Christian religion in the most general sense and is for charitable and religious uses. A holding, therefore, that the provision is so indefinite and uncertain in its objects and purposes that it is impossible for the courts to administer it and that possible devotion of the fund in whole or in part to private uses also makes it invalid, is unsound. (*Matter of Shattuck*, 193 N. Y. 446, limited.)

3. A gift in trust will be implied and the trust is not affected by indefiniteness of beneficiaries. (Pers. Prop. Law, § 12; Real Prop. Law, § 113.)

*Matter of Durbrow*, 218 App. Div. 317, reversed.

(Argued June 10, 1927; decided July 20, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 12, 1926, which reversed a decree of the Kings County Surrogate's Court judicially settling the accounts of the executor and construing the will of Mary C. Durbrow, deceased.

*Robert H. Wilson, Jr.,* for appellants. Paragraph 28 of the will provides for a gift, grant, devise and bequest to religious, educational, charitable and benevolent uses. (*Matter of MacDowell,* 217 N. Y. 454; *Matter of Robinson,* 203 N. Y. 380; *Matter of Shattuck,* 193 N. Y. 466; *Butterworth* v. *Keeler,* 219 N. Y. 446; *Matter of Rockefeller,* 177 App. Div. 786; *Matter of Mills,* 121 Misc. Rep. 147.) A trust for religious, educational, charitable and benevolent uses was created by paragraph 28 of the will of the decedent. (*Butterworth* v. *Keeler,* 219 N. Y. 446; *Matter of MacDowell,* 217 N. Y. 454; *Matter of Cunningham,* 206 N. Y. 601; *Matter of Robinson,* 203 N. Y. 380: *Bowman* v. *Domestic & Foreign Missionary Society,* 182 N. Y. 494; *Matter of Griffin,* 167 N. Y. 71; *Allen* v. *Stevens,* 161 N. Y. 122; *Matter of Briglin,* 208 App. Div. 511; *Matter of Potts,* 205 App. Div. 147; *Matter of Davidge,* 200 App. Div. 437; *Morss* v. *Allin,* 181 App. Div. 79; *Matter of Rockefeller,* 177 App. Div. 786; *Matter of Groot,* 173 App. Div. 436.) The argument of the Appellate Division, that no trust was created by reason that "No estate was vested in the executor," is erroneous. (*Matter of Robinson,* 203 N. Y. 380; *Matter of Griffin,* 167 N. Y. 71; *Allen* v. *Stevens,* 161 N. Y. 122; *Matter of Potts,* 205 App. Div. 147; *Matter of Groot,* 173 App. Div. 436; *Buell* v. *Gardner,* 83 Misc. Rep. 513; *Morse* v. *Morse,* 85 N. Y. 53; *Title Guarantee & Trust Co.* v. *Haven,* 214 N. Y. 468; *Striker* v. *Daly,* 223 N. Y. 468; *Matter of Ardrey,* 232 N. Y. 109; *Orton* v. *Tannenbaum,* 194 App. Div. 214; *Matter of Miller,* 149 App. Div. 113; *Wright* v. *Mercein,* 43 Misc. Rep. 414.) Indefiniteness or uncertainty of the

beneficiary does not invalidate a trust for religious, educational, charitable or benevolent uses. (*Butterworth* v. *Keeler*, 219 N. Y. 446; *Matter of MacDowell*, 217 N. Y. 454; *Matter of Cunningham*, 206 N. Y. 601; *Matter of Robinson*, 203 N. Y. 380; *Matter of Griffin*, 167 N. Y. 71; *Allen* v. *Stevens*, 161 N. Y. 122; *Matter of Briglin*, 208 App. Div. 511; *Matter of Potts*, 205 App. Div. 147; *Stewart* v. *Franchetti*, 167 App. Div. 541; *Matter of Miller*, 149 App. Div. 113; *Manley* v. *Fiske*, 139 App. Div. 665; 201 N. Y. 546; *Matter of Frasch*, 125 Misc. Rep. 381; 216 App. Div. 797.) The contention that the provisions of the testatrix's will are so indefinite and uncertain in their objects and purposes that it is impossible for the courts to administer it, is erroneous. (*Matter of Robinson*, 203 N. Y. 380; *Allen* v. *Stevens*, 161 N. Y. 122; *Matter of Griffin*, 167 N. Y. 71; *Bowman* v. *Domestic & Foreign Missionary Society*, 182 N. Y. 494; *Matter of Potts*, 205 App. Div. 147; *Matter of Miller*, 149 App. Div. 113; *Matter of MacDowell*, 217 N. Y. 454.) The contention that the possible devotion of the trust fund to private uses necessarily requires that the gift be held invalid is erroneous. (*Buell* v. *Gardner*, 83 Misc. Rep. 513; *Matter of MacDowell*, 217 N. Y. 454; *Matter of Cunningham*, 206 N. Y. 601; *Matter of Frasch*, 125 Misc. Rep. 381; 216 App. Div. 797; *Manley* v. *Fiske*, 139 App. Div. 665; *Matter of Killen*, 124 Misc. Rep. 720; *Utica Trust & Deposit Co.* v. *Thomson*, 87 Misc. Rep. 31.)

*George P. Fall* for executor, respondent. The order of the Appellate Division should be reversed and the decree of the surrogate should be affirmed because testatrix did not die intestate as to her residuary estate but created a power in trust. (*Matter of Conger*, 81 App. Div. 497; *Matter of Arnolt*, 217 N. Y. Supp. 327; *Matter of Barney*, 207 App. Div. 27; *Matter of Smith*, 46 Misc. Rep. 213; *Bliven* v. *Simmons*, 88 N. Y. 469; *Matter of Compton*, 72 Misc. Rep. 292; *Matter of Ardrey*, 232 N. Y. 111; *Kelly*

v. *Hoey*, 35 App. Div. 277; *Cutting* v. *Hoey*, 86 N. Y. 552; *Matter of Cooksey*, 182 N. Y. 92; *Matter of Moehring*, 154 N. Y. 423; *Matter of Wilkins*, 90 App. Div. 324.)

*Isaac N. Jacobson* for Edward W. Curtis, Jr., et al., respondents. The twenty-eighth clause of the will does not create a trust. (*Bird* v. *Merklee*, 144 N. Y. 544; *Wetmore* v. *Parker*, 52 N. Y. 450; *Fralick* v. *Lyford*, 107 App. Div. 543; 187 N. Y. 524.) The residuary clause does not create a valid gift. (*Matter of Ingersoll*, 131 N. Y. 573; *Levy* v. *Levy*, 33 N. Y. 97; *Beekman* v. *Bonsor*, 23 N. Y. 298; *Thorn* v. *Hall*, 10 App. Div. 412; 160 N. Y. 661.) The twenty-eighth clause does not create a valid power in trust. (*Tilden* v. *Green*, 130 N. Y. 29; *Farmers' L. & T. Co.* v. *Carroll*, 5 Barb. 613; *Schell* v. *Merklee*, 75 Hun, 74; *Levy* v. *Levy*, 33 N. Y. 97; *Read* v. *Williams*, 125 N. Y. 560; *Holland* v. *Allcock*, 108 N. Y. 312; *Fosdick* v. *Town of Hempstead*, 125 N. Y. 581; *Matter of Ingersoll*, 131 N. Y. 573; *Fairchild* v. *Edson*, 154 N. Y. 199.) Even if this clause creates a trust, it is so indefinite and uncertain in its objects and purposes as to be incapable of enforcement, and is, therefore, invalid. (*Tilden* v. *Green*, 130 N. Y. 29; *Matter of Shattuck*, 193 N. Y. 446; *Manley* v. *Fiske*, 139 App. Div. 665; 201 N. Y. 546; *Matter of Compton*, 72 Misc. Rep. 289; *Matter of Seymour*, 67 Misc. Rep. 347.)

*Albert Ottinger*, Attorney-General (*Robert P. Beyer* of counsel), for respondent. The trust under construction is valid as a trust for religious uses. (*Matter of Shattuck*, 193 N. Y. 446; *Matter of Robinson*, 203 N. Y. 380; *Manley* v. *Fiske*, 139 App. Div. 665; 201 N. Y. 546; *Matter of Cunningham*, 76 Misc. Rep. 120; 151 App. Div. 940; 206 N. Y. 601; *Matter of MacDowell*, 217 N. Y. 454; *Lougheed* v. *Dykeman's Baptist Church*, 129 N. Y. 211; *Wetmore* v. *Parker*, 52 N. Y. 450; *Reformed Protestant Dutch Church* v. *Mott*, 7 Paige, 77; *Holmes* v. *Mead*, 52

N. Y. 332; *Auburn Theological Seminary* v. *Kellogg,*
16 N. Y. 83; *Williams* v. *Williams,* 8 N. Y. 525; *Congre-
gational Unitarian Soc.* v. *Hale,* 29 App. Div. 396.)

POUND, J. The question is as to the validity of the
twenty-eighth clause of the will of Mary C. Durbrow,
deceased, a childless widow, which reads as follows:

"*Twenty-eighth.* All the rest, residue and remainder
of my estate, real as well as personal and wheresoever
situate, of which I may die seized or possessed, I direct
my Executor or Executrix hereinafter named to distribute
where he, or she as his successor or substitute, in his or
her judgment shall consider it will be most effective in
the advancement of Christ's Kingdom on earth."

The residue of the estate is between five and six
thousand dollars. The executor has selected as bene-
ficiaries certain incorporated associations of a charitable
and pious character which are the appellants herein.
The validity of the bequest is contested by the next of
kin of testatrix who contend that it is void for indefinite-
ness and uncertainty of purpose.

While the bequest is in the figurative form of a direction
to the executor to dispose of the residue of the estate
" in the advancement of Christ's Kingdom on earth,"
its general purpose and meaning, read with the aid of our
common knowledge of the speech of the devout, are
understood without difficulty. Christ's Kingdom on
earth is the community or whole body of Christ's faithful
people collectively; all those who are spiritually united
to Christ as the Head of the Church without regard to
differences of creed and doctrine. Its cause is advanced
in divers manners, conspicuously through the work of
religious associations and educational and charitable
institutions of a religious character. Such work is in
its nature charitable and uncommercial. It is identified
not only with the dissemination of Christian doctrine
but also with the teaching of the young and the care of

the sick under church auspices. Charity and education have thus ever been the handmaids of religion. By the terminology of evangelical Christianity, the bequest is one in aid of Christian work in its broadest sense; to carry Christ's message throughout the world; to care for the sick and to bring up the young under religious teaching; to promote the principles and practice of the Christian religion. For these purposes, the church seeks and obtains the eleemosynary contributions of the laity, not for private gain but for the aid of pious institutions and objects of every nature. The advancement of religion has ever been held to be one of the principal divisions of charitable trusts. (*Morice* v. *Bishop of Durham*, 10 Ves. Jr. 522, 531; *Income Tax Coms.* v. *Pemsel*, [1891] A. C. 531, 583.)

The intention to make a gift for charitable and religious purposes pervades and dominates the whole bequest and the court will give it effect if it is possible so to do by the application of the most liberal rules of construction that the law will permit. (*Harrington* v. *Pier*, 105 Wis. 485.) If, however, the gift thus sought to be established, as distinguished from its beneficiaries, is so indefinite and uncertain as to include uses which are not in a broad sense charitable and religious, but may be personal, private or selfish in their character, its benevolent purpose will not save it. (*Matter of Cunningham*, 206 N. Y. 601, 605; *Matter of Frasch*, 245 N. Y. 174, 182.) If, on the other hand, a definite charitable purpose may be found within the limits of a testator's language; if, for example, it is reasonably clear that a testator had in mind that his bequest should be devoted only to purposes of Christian charity, his language should be construed in a broad and liberal spirit in accordance with his intention and the gift upheld, although the will may be susceptible of a construction which would permit the gift to be used for private or secular purposes. (*Gill* v. *Atty.-Gen.*, 197 Mass. 232; *Matter of Robinson*, 203 N. Y. 380; *Matter of*

*Cunningham, supra; Matter of MacDowell,* 217 N. Y. 454; *Butterworth* v. *Keeler,* 219 N. Y. 446; *Matter of Morris,* 227 N. Y. 141, 144; *Matter of Frasch, supra.*)

The Appellate Division, reversing the Surrogate's Court, has held that the provision before us is so indefinite and uncertain in its objects and purposes that it is impossible for the courts to administer it and that the possible devotion of the fund in whole or in part to private uses also makes it invalid. This conclusion seems unsound. It is based on *Matter of Shattuck* (193 N. Y. 446) which has been strictly confined to its own facts by later and better considered cases. (*Butterfield* v. *Keeler, supra,* p. 450; *Matter of Frasch, supra,* pp. 183, 184.) The court in *Matter of Cunningham* (*supra*) construed the following bequest: " I give and bequeath to my said executors and trustees, hereinafter named, the sum of fifty thousand dollars to be by them applied in their best judgment and discretion to such charitable and benevolent associations and institutions of learning for the general uses and purposes of such associations and institutions as my said executors may select, and in such sums respectively as they may deem proper," and upheld it as a charitable trust which " ought not to be allowed to fail either on account of the indefiniteness of the purpose of the testator or the indefiniteness of the beneficiaries," although it was possible that by a contrarious reading of its terms it might be devoted in whole or in part to private institutions of learning.

Broadness of scope and generality of purpose do not in themselves breed impossibility of execution. WILLARD BARTLETT, J., in the course of the *Cunningham* opinion said: " In *Whicker* v. *Hume* (7 House of Lords Cases, 123, 154) there was a bequest of personal property ' upon trust to apply and appropriate the same in such manner as the said trustees or trustee shall, in their absolute and uncontrolled discretion, think proper and expedient for the benefit, and advancement and propagation of

education and learning in every part of the world.' It was objected that the gift was of such an extensive nature that it was impossible to carry it into effect; but Lord CHELMSFORD held that the purpose of the testator was to promote teaching and instruction, and the circumstance that the whole habitable world was open to the discretion of the trustees did not prevent the gift from being available as a good charitable bequest."

Such bequests should not be read in an antagonistic spirit to disappoint the general intention of the will. As GRAY, J., said in *Greene* v. *Greene* (125 N. Y. 506, 512):

" The endeavor is to find a way of upholding the will, not of breaking it down; and thus in every case the inherent purpose, if lawful, should be effectuated through what legal channels of construction may be open."

Although a wide diversity of judicial opinion exists as to the meaning which should be given to the words " indefiniteness of purpose " in this connection (Bogert on Trusts, pp. 200–204), a rule of generous construction manifests itself in the more recent decisions of this court. Thus to sustain a charitable gift the word " institutions " had been read to mean " public institutions." (*Matter of Frasch, supra.*) In the light of these decisions, words of unlimited discretion, inspired, when properly understood, with naught but unselfishness and religious purpose, readily may be, and should be, construed as being limited to suitable objects of charitable and religious gifts. The bequest is thereby preserved from destruction and devoted to the uses for which the testator intended it, rather than given to contentious next of kin. To hold this gift to be too indefinite and uncertain would be to disregard the elementary principles of the law of charitable uses. Its expressed purpose is to promote the cause of the Christian religion in the most general sense and it should be carried into effect accordingly.

Although the general charitable purpose of the gift as thus construed is not indefinite, the beneficiaries are

indefinite, but the trust is not affected thereby. Definite legal gifts in trust, religious and charitable in character, are not, since the adoption of the Tilden Act (L. 1893, ch. 701), to be declared invalid by reason of indefiniteness of beneficiaries. " No  *  *  *  bequest  *  *  *  to religious, educational, charitable, or benevolent uses, which shall, in other respects be valid under the laws of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries  *  *  *." (Personal Property Law [Cons. Laws, ch. 41], § 12; see, also, Real Property Law [Cons. Laws, ch. 50], § 113.)

Objection is made that testatrix made no formal gift in trust. A gift in trust will be implied. In *Manley* v. *Fiske* (139 App. Div. 665; affd., 201 N. Y. 546) the testator said in substance: " I desire my executors to divide the surplus among societies which will assist poor needlewomen." MILLER, J., writing for the Appellate Division, said: " It is next contended, however, that the statute was intended only to save trusts for charitable uses, and that no trust was created. It is true that there are no express words creating a trust, as there are no express words of gift; but it is quite plain that a trust was intended. A trust is almost inseparably involved with a gift for charitable uses.  *  *  *  I see no difficulty in the way of upholding this provision as a trust for charitable uses, the object of it being the assistance of poor needlewomen."

The gift being upheld, respondents, the next of kin, are not interested in its administration. The question of proper beneficiaries is not before us for review. The Attorney-General, whose duty it is to enforce uncertain and indefinite charitable trusts (Personal Property Law, § 12, subd. 3), appears and asks us to reverse the Appellate Division and affirm the surrogate. We have on this appeal no concern either with the authority of the executor to act as trustee or with the particular disposition made of the fund by him, but we do not mean to be understood,

by refraining from a discussion of these questions, as intimating any disapproval of the decree of the Surrogate's Court in this connection.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division payable out of the estate.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.