In the Matter of the Estate of ROBERT J. KELLEY, Deceased.

Surrogate's Court, Kings County, October 24, 1930.

*Charles J. Breck*, for the executor.

*Hamilton Ward, Attorney-General* of the State of New York.

*Charles H. McCarty*, for Peter Kelley and others, next of kin of testator.

*William Murray*, special guardian for Harry Abbott, Jr., and others, infants.

WINGATE, S. The question herein presented involves the validity of a disposition of a portion of the residuary estate of this decedent. The item directing this distribution reads:

" *Seventh.* I hereby give, devise and bequeath all of the rest, residue, and remainder of my property, whether real, personal or mixed, of every kind, nature and description whatsoever, hereby intending to include any property that may be acquired by me after the date of this, my Last Will and Testament to be divided as follows, to wit: One-half thereof to be given to the Rev. Father McCarthy of St. Augustine's Church, Sixth Avenue and Sterling Place, Brooklyn, New York, to be applied towards starting a home for the benefit of unmarried working girls, who are abused at home, after the death of their parents, and one half to the Brooklyn Roman Catholic Orphan Asylum."

Rev. Father McCarthy predeceased the testator, and testator's next of kin contend that the half of the residue bequeathed to him lapsed in consequence, and is to be administered as intestate property. Their position is based largely upon the language of the Court of Appeals in *Matter of Shattuck* (193 N. Y. 446). This decision has, however, been so often criticised and limited by subsequent opinions of the Court of Appeals as to render it little more than an authority on the precise facts and language then passed upon. Thus it was said in *Matter of Durbrow* (245 N. Y. 469, 475): " This conclusion seems unsound. It is based on *Matter of Shattuck* (193 N. Y. 446) which has been strictly confined to its own facts by later and better considered cases."

As was pointed out in *Matter of Cunningham* (206 N. Y. 601) the incorporation into our statutes of the English *cy pres* doctrine in connection with gifts for charitable uses, was a result of the celebrated Tilden will controversy (*Tilden* v. *Green,* 130 N. Y. 29). As presently existing, this enactment is found in section 12 of the Personal Property Law (as amd. by Laws of 1926, chap. 622), which reads in part as follows: " No gift, grant or bequest to religious, educational, charitable or benevolent uses, which shall in other respects be valid under the laws of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant or bequest there is a trustee named to execute the same, the legal title to the property given, granted or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such property shall vest in the supreme court."

Under the leading cases on the subject, in which should be included *Matter of Robinson* (203 N. Y. 380); *Matter of Cunningham*

(206 id. 601); *Matter of Frasch* (245 id. 174), and *Matter of Durbrow* (Id. 469), the sole question for determination in cases of this type is whether the use sought to be benefited is of necessity strictly " religious, educational, charitable or benevolent," or whether its effectuation will involve private gain. On the latter alternative, the statute does not apply; on the former, it does, with the single limitation that the testator shall have defined the beneficiaries and the purpose of the benefaction with sufficient definiteness to permit the enforcement of the trust by the courts.

As the Court of Appeals says in the *Durbrow* case (at p. 474): " If * * * a definite charitable purpose may be found within the limits of testator's language; * * * his language should be construed in a broad and liberal spirit in accordance with his intention and the gift upheld, although the will may be susceptible of a construction which would permit the gift to be used for private or secular purposes."

The gift in the case at bar is unquestionably one for a charitable use within the spirit of the controlling decisions cited and is certainly at least as definite as to beneficiaries as the gift " to any society that assist poor needlewomen," which was upheld in *Manley* v. *Fiske* (139 App. Div. 665; affd., 201 N. Y. 546), and considerably more so than the direction in *Matter of Durbrow*, which was " the advancement of Christ's Kingdom on earth."

Under the terms of the statute, the absence of a trustee to carry testator's purpose into effect is entirely immaterial.

The court, therefore, determines that the bequest in question is in all respects valid.

Submit decree, on notice, accordingly.