In the Matter of the Estate of RT. REV. JOHN J. McLOGHLIN, Deceased.

Surrogate's Court, Broome County, February 9, 1931.

*Frederick J. Meagher*, for the administrators with the will annexed.

*Hamilton Ward, Attorney-General* [*Borden H. Mills, Deputy Assistant Attorney-General*, of counsel], for unknown beneficiaries.

*Hinman, Howard & Kattell*, for Bridgid McLoughlin and others, next of kin of testator.

*Edward A. Carlin* for Anna Gillooly Handley, also known as Anna Gillooly Hanley, a next of kin of testator.

*Thomas J. G. Stapleton*, for Peter Gillooly and Bridgett Gillooly, next of kin of testator.

*McCabe & Rosen*, for Elizabeth F. Lake, a next of kin of testator.

*Egan & O'Reilly*, for Thomas McLoughlin, a next of kin of testator.

BAKER, S. The question herein presented involves the validity of the disposition of the residuary estate of this decedent.

Rt. Rev. John J. McLoghlin died May 3, 1928, a resident of the city of Binghamton, N. Y., leaving a last will and testament dated April 5, 1904, which was duly admitted to probate in the Surrogate's Court of Broome county, N. Y., on July 5, 1928. The executors named in said will having predeceased testator, letters of administration with the will annexed upon said estate were issued to Rt. Rev. John F. McLoghlin and Mary K. Gillooly. The estate having been duly administered by the said administrators with the will annexed, a petition for the judicial settlement of their accounts was filed in this court on July 30, 1929, whereupon the necessary citations were issued, returnable September 9, 1929. No objections

have at any time been made to said account as filed, and that proceeding was adjourned to permit issuance of a citation to all necessary parties, upon an application previously filed by certain next of kin of said testator to obtain a determination as to the validity, construction or effect of a disposition of property contained in the residuary clause of the last will and testament of the said decedent.

The residuary clause in question reads as follows: " Lastly, I give and bequeath all the rest and residue of my estate to my executors hereinafter appointed to be by them used, invested and expended in such charitable purposes as they may in their sound judgment deem prudent and wise."

The final clause of said will reads as follows: " Likewise, I make, constitute and appoint Rev. Thomas McLoghlin, Whitehall, N. Y., and Rev. P. F. McEvoy, Syracuse, to be executors of this my last will and testament, hereby revoking all former wills by me made."

Certain next of kin of said testator appeared herein, and through their respective counsel contend that the final dispositive clause of said will is invalid on the ground that the language of same is too indefinite to create a valid trust for the purposes authorized by the statute, and in consequence lapsed and is to be administered as intestate property.

It is unnecessary to repeat here the history of charitable trusts in this State, culminating in chapter 701 of the Laws of 1893 (as amd. by Laws of 1901, chap. 291), which is now embodied in section 12 of the Personal Property Law (as amd. by Laws of 1909, chap. 144; Laws of 1911, chap. 220; Laws of 1926, chap. 622, and Laws of 1927, chap. 239), and in section 113 of the Real Property Law (as amd. by Laws of 1909, chap. 144; Laws of 1919, chap. 71; Laws of 1926, chap. 623, and Laws of 1927, chap. 242). It has been many times told. (See *Allen* v. *Stevens,* 161 N. Y. 122; *Sherman* v. *Richmond Hose Co., No. 2,* 186 App. Div. 417; *Camp* v. *Presbyterian Society of Sackets Harbor,* 105 Misc. 139; *Matter of Potts,* 205 App. Div. 147; affd., 236 N. Y. 658; *Matter of Robinson,* 203 id. 380; *Matter of Cunningham,* 206 id. 601; *Matter of Frasch,* 245 id. 174; *Matter of Durbrow,* Id. 469; *Matter of Kelley,* 138 Misc. 190.)

It is now settled that the law on the subject as recognized in England prior to the Revolution is in force in this State. (*Trustees of Sailors' Snug Harbor* v. *Carmody,* 211 N. Y. 286, 298.)

Section 12 of the Personal Property Law, *supra,* as presently existing, reads in part as follows: " No gift, grant or bequest to religious, educational, charitable or benevolent uses, which shall in

other respects be valid under the laws of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant or bequest there is a trustee named to execute the same, the legal title to the property given, granted or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee then the title to such property shall vest in the supreme court."

The Court of Appeals of this State has held that the enactment of chapter 701 of the Laws of 1893, *supra,* was part of a general scheme to restore to the courts of equity the power formerly exercised by Chancery in the regulation of gifts for charitable purposes. (*Allen* v. *Stevens, supra.*)

Under such leading cases on this subject as *Matter of Robinson* (*supra*); *Matter of Cunningham* (*supra*); *Matter of Frasch* (*supra*); *Matter of Durbrow* (*supra*), and *Matter of Kelley* (*supra*), the sole question for determination in cases of this type is whether the use sought to be benefited is of necessity strictly " religious, educational, charitable or benevolent," or whether its effectuation involves private gain. As to the latter alternative, the statute does not apply; as to the former it does, with the single limitation that the testator shall have defined the beneficiaries and the purpose of the benefaction with sufficient definiteness to permit the enforcement of the trust by the courts.

As the Court of Appeals has stated in the *Durbrow Case* (at p. 474): " If  *  *  *  a definite charitable purpose may be found within the limits of a testator's language; if, for example, it is reasonably clear that a testator had in mind that his bequest should be devoted only to purposes of Christian charity, his language should be construed in a broad and liberal spirit in accordance with his intention and the gift upheld, although the will may be susceptible of a construction which would permit the gift to be used for private or secular purposes; " and again, in the same case (p. 476), the court states: " Although a wide diversity of judicial opinion exists as to the meaning which should be given to the words ' indefiniteness of purpose ' in this connection (Bogert on Trusts, pp. 200–204), a rule of generous construction manifests itself in the more recent decisions of this court. Thus to sustain a charitable gift the word ' institutions ' had been read to mean ' public institutions.' (*Matter of Frasch, supra.*) In the light of these decisions, words of unlimited discretion, inspired, when properly understood, with naught but unselfishness and religious purpose, readily may be, and should be, construed as being limited to suitable objects of charitable and religious gifts. The bequest

is thereby preserved from destruction and devoted to the uses for which the testator intended it, rather than given to contentious next of kin. To hold this gift to be too indefinite and uncertain would be to disregard the elementary principles of the law of charitable uses. Its expressed purpose is to promote the cause of the Christian religion in the most general sense and it should be carried into effect accordingly.

" Although the general charitable purpose of the gift as thus construed is not indefinite, the beneficiaries are indefinite, but the trust is not affected thereby. Definite legal gifts in trust, religious and charitable in character, are not, since the adoption of the Tilden Act (L. 1893, ch. 701), to be declared invalid by reason of indefiniteness of beneficiaries."

In *Matter of Robinson* (*supra*) it was held that " a construction which is fairly within the rules of law and that sustains the trust and devotes the fund included therein to purposes permitted by law and to the good of humanity should be preferred."

In the case at bar the testator was a man of high educational attainments, being a priest of the Roman Catholic church, and at the time of his death was a monsignor, having been elevated to that position some years prior to his decease. He was naturally interested, by reason of his calling, in charitable purposes, and it was, therefore, a very natural act upon the part of said testator to make such provision in his will, leaving the bulk of his estate for charitable purposes.

The gift in the instant case is unquestionably one for a charitable use within the spirit of the controlling decisions heretofore cited, and is certainly at least as definite as to beneficiaries as the " gifts " which have been upheld in the decisions of the Court of Appeals heretofore cited.

Under the provisions of the statute (Pers. Prop. Law, § 12, subd. 1, *supra*), the fact that all of the trustees named in said will predeceased the testator is entirely immaterial. (*Matter of Kelley,* *supra.*)

I, therefore, decide and determine that the residuary clause of the last will and testament of said testator, hereinbefore set forth, is in all respects valid.

A decree to be entered herein in conformity with this decision.