In the Matter of the Judicial Settlement of the Account of Proceedings of GEORGE F. LYNCH and DELIA McCARTHY, as Executors, etc., of JAMES COLLINS, Deceased, and the Application of Said Executors for a Determination as to the Construction and Effect of Certain Provisions Contained in Said Will.

ST. JOSEPH'S HOSPITAL FOR CONSUMPTIVES, Appellant; GEORGE F. LYNCH and DELIA McCARTHY, as Executors, etc., of JAMES COLLINS, Deceased, Petitioners, Respondents; SEYMOUR POST, as Special Guardian of KATHERINE COLLINS, an Infant, FRANK COLLINS and DELIA McCARTHY, Individually, Objectants, Respondents; THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Post, as special guardian of Katherine Collins, an infant, and Frank Collins, Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; Martin, P. J., and Untermyer, J., dissent; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). I dissent from the affirmance of the decree of the surrogate, which results in nullifying the charitable intention of the testator. In executing that intention it should be our aim to effectuate rather than to frustrate the beneficent purposes of section 12 of the Personal Property Law. (*Matter of Durbrow*, 245 N. Y. 469.) Section 12, in my opinion, is not limited, as the surrogate held, to instances where the bequest is in trust, but applies wherever there exists a "gift, grant or bequest" for charitable purposes. (*Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462; *Matter of Gary*, 248 App. Div. 373; affd., 272 N. Y. 635.)

If St. Joseph's Hospital cannot administer this bequest in the manner contemplated by the will, then, under its *cy pres* power, the court should direct that it be applied to some other purpose which, as nearly as possible, will accomplish the intention of the testator. Although it is true that the amount here involved is not substantial, the principle to be decided may control the disposition of charitable bequests in future cases involving larger sums.

The decree should be reversed and the matter remitted to the surrogate to apply to the bequest the provisions of section 12 of the Personal Property Law. Martin, P. J., concurs.