Robert O. Brink,
Acting Surrogate. In his petition for a final accounting, the executor has applied to this court for a determination as to the validity, construction and effect of the disposition contained in paragraph 11 of the will of the decedent which reads as follows: ‘ ‘ All the rest, residue and remainder of my estate, of whatsoever kind or nature, and wheresoever situate, I give, devise and bequeath to rev. william j. morris, pastor of St. Paul’s Roman Catholic Church of *107 Binghamton, New York, or to his successor as pastor of said church, to be used to assist young men financially in their study for the priesthood. The use of this part of my estate shall be solely in the discretion of bev. william j. mobbis or his successor and he may dispose of the fund without direction or authorization of any person or Court.”
Joseph Kearney, a nephew of the decedent and Margaret Delaney and Anna Shea, nieces of the decedent, who are distributees, through their attorneys have filed briefs in which they contend that paragraph 11 of decedent’s will purporting to set up a charitable trust, is invalid and void, and should be set aside by a decree of this court.
The Attorney-General of the State of New York has appeared by Herman F. Nehlsen, Assistant Attorney-General of counsel, who stated on the record that there was no doubt so far as the Attorney-General’s office was concerned that this will created a valid, forcible and charitable trust and that the Attorney-General’s office felt that the objections to the validity of the trust were without merit.
John J. Buckley, Esquire, appointed as special guardian for John F. Kearney and Raymond Kearney, distributees of John R. Kearney, deceased, if they or either of them be living and, if they or either of them be not living, as special guardian for any and all persons and/or parties who have succeeded to their interests, filed a report with this court by which the special guardian supported the validity of the charitable trust involved in this proceeding.
Counsel representing the nephew, Joseph Kearney, argues that the trust provisions of this will are invalid by reason of the fact that the designated powers of the trustee are contrary to public policy pursuant to section 125 of the Decedent Estate Law and that the trust would involve difficulty in its enforcement by reason of the uncertainty of the beneficiaries. The brief submitted in behalf of the nieces, Margaret Delaney and Anna Shea contends, that the decedent’s will sets up a passive trust as a mere conduit for the passage of title to the bene ficiaries and that the duties of the trustee are solely executorial, custodial, and advisory.
The language employed in the eleventh paragraph of decedent’s will leaves no doubt that the testator intended to create a charitable trust for the purpose of assisting young men financially in their study for the priesthood. It seems obvious that the testator was motivated by a deeply religious and charitable purpose. Such charitable and religious trusts are safeguarded by the statutes of this State; subdivision 1 of section 12 of the *108 Personal Property Law provides: “No gift, grant or bequest to religious, educational, charitable, or benevolent uses, which shall in other respects be valid under the laws of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such a gift, grant or bequest there is a trustee named to execute the same, the legal title to the property given, granted or bequeathed for such purposes shall vest in such trustee.”
The courts of this State have consistently held, that this type of trust shall not fail by the reason of the indefiniteness of provisions. (Matter of Durbrou, 245 N. Y. 469; Matter of McLoghlin, 139 Misc. 202, unanimously affd. 233 App. Div. 886 [3d Dept.], motion for leave to appeal to the Court of Appeals denied 234 App. Div. 639; Matter of Killen, 124 Misc. 720.)
In Matter of Potter (307 N. Y. 504, 517 [1954]), Judge Conway of the Court of Appeals stated: “ that where a testator has apparently sought to leave money for a charitable purpose, a liberal construction is to be given to the terms of the will in order to uphold it and validate the bequest.”
The objections of the distributees to the validity of this trust are not well taken. The trust, involved in this proceeding, is much more definite as to its purpose than many others which have been upheld by the courts of this State. It is not a passive trust merely for the purpose of distribution, but involves the exercise of discretion by the trustee in payment of funds, the investment of the corpus of the trust and the collection of increments.
In this will the testator designated a trustee and provided for succeeding trustees. He also clearly expressed his intent as to a specific religious and charitable purpose for which the trust funds were to be used.
It is the determination of this court, that the will of the decedent, John B. Kearney, created a valid and enforcible, charitable and religious trust by the eleventh paragraph of the will. A decree may be prepared and submitted accordingly.