Christopher C. McGrath, S.
In this construction proceeding, the pertinent portions of the will of the testatrix read as follows:
twelfth : *' * * I give, devise and bequeath all my residuary estate as follows:
The sum of five thousand dollars ($5,000) to each and every of the following organizations:
BOARD OF TRUSTEES OF THE SYNOD OF THE REFORMED PRESBYTERIAN CHURCH OF north America, whose home office is at Pittsburgh, Pennsylvania; geneva college, of Beaver Palls, Pennsylvania; reformed Presbyterian woman’s association of the Reformed Presbyterian Church of North America:
The sum of two thousand dollars ($2,000) to each and every of the following organizations:
AMERICAN BIBLE SOCIETY; NEW YORK BIBLE SOCIETY; NEW YORK EYE AND EAR INFIRMARY; THE NEW YORK ASSOCIATION FOR THE BLIND; THE INDUSTRIAL HOME *972 FOR THE BLIND, INC.; MEMORIAL HOSPITAL FOB TREATMENT OF CANCER AND ALLIED DISEASES:
The sum of one thousand dollars ($1,000) to each and every of the following organizations:
NEW YORK POST-GRADUATE MEDICAL SCHOOL AND HOSPITAL; NEW YORK LEAGUE FOR THE HARD OF HEARING; THE ROOSEVELT HOSPITAL; SALVATION ARMY and HERALD TRIBUNE FRESH AIR FUND.
thirteenth : Should my residuary estate be insufficient to pay in full all
of the institutional legacies bequeathed by article twelfth of this will, I direct that each and every one of them shall ratably abate. Should, however, there be more than sufficient in my residuary estate, after payment of all of the institutional legacies bequeathed in the last article hereof, the balance is to be distributed by and under the direction of my executor, Chemical Corn Exchange Bank, in its sole discretion for such purposes and to such institutions as it deems best. (Italics ours.)
It appears that there is more than enough to pay the dollar amounts specified in paragraph ££ twelfth.”
There is therefore presented the sole question: Who is entitled to the surplus under paragraph thirteenth?
Three of the named legatees maintain that the residue must be distributed pro ratably to the legatees named in paragraph twelfth. A fourth legatee contends that the distribution must be made to the legatees and in the proportion determined by the executor. The executor and the Attorney-General of the State of New York assert that the objects of the bounty of the testatrix under paragraph thirteenth are to be the charities chosen by the executor and not necessarily those named in the will. A distributee contends that the direction in paragraph thirteenth is uncertain in purpose and so indefinite as to include uses which may be personal and private and seeks a distribution under the laws of intestacy.
No competent extrinsic evidence has been presented to aid in the construction. The court is therefore limited to the language of the will in its search for the intention of the testatrix (Matter of Fabbri, 2 N Y 2d 236).
The will reveals that each of the above-named residuary legatees is a charitable organization. Their legacies are described by the testatrix in paragraph “ thirteenth ” as ‘£ institutional ’ ’ and the recipients of the excess residue to be selected by the executor are described in the same paragraph as ££ institutions.” This language, not modified in the slightest manner by any other provision of the will, discloses a dominant purpose to limit the plan of distribution to charity.
Where a charitable purpose is found within the limits of the language of the testatrix, her language should be construed in a broad and liberal spirit in accordance with her intention and the gift upheld, although the will may be susceptible of a con *973 struction which would permit the gift to be used for a secular or private purpose (Matter of Potter, 307 N. Y. 504, 517; Matter of Durbrow, 245 N. Y. 469, 474).
However, this court does not feel that the executor is limited in its selection to the charitable organizations named in paragraph “ twelfth.”
The legatees give great weight to the word “ such ” in paragraph ‘ ‘ thirteenth ’ ’ and assert that it means “aforementioned ’ ’ and is descriptive of the legatees named in paragraph “twelfth.” Counsel for the executor contends that the word “ such ” attaches to the words “as it deems best ” and is to read as ‘ ‘ those. ’ ’ It has been aptly stated that ‘ ‘ courts should be wary of making ‘ a fortress out of the dictionary ’, since there ‘ is no more likely way to misapprehend the meaning of language * * * than to read words literally, forgetting the object which the document as a whole ’ seeks to achieve ” (Spencer v. Childs, 1 N Y 2d 103, 106-107).
The excess is to be distributed “ by and under the direction of my executor ”. If the testatrix had intended that the specified legatees should share in whatever was left, large or small in amount, it would have been a comparatively simple matter to do so on a share basis, just as she had provided that their shares ‘ ‘ shall ratably abate ’ ’ in the event of an insufficiency in the residue.
Accordingly, it must be held that the executor may distribute the surplus residue outright to any charitable institution or for any charitable purpose which it, in its sole discretion, may deem best without being restricted to the charitable organizations named in the will.
Affidavits may be submitted upon the settlement of the decree to enable the Surrogate to fix allowances pursuant to section 278 of the Surrogate’s Court Act.