THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff, *v.* NEW YORK GUILD FOR THE JEWISH BLIND and Others, Respondents, Impleaded with SAMUEL S. GOLDWATER, as Commissioner of Hospitals of The City of New York, and THE CITY OF NEW YORK, Appellants, and Others, Defendants.

First Department, November 19, 1937.

*Leonard M. Wallstein, Jr.,* of counsel [*Paxton Blair* and *Paul E. Fusco* with him on the brief; *Paul Windels, Corporation Counsel,* attorney], for the appellants.

*Henry K. Heyman* of counsel [*Abraham Shamos* and *Bernard Yarrow* with him on the brief; *Henry K. Heyman,* attorney for

New York Guild for the Jewish Blind; *Guggenheimer & Untermyer*, attorneys for Hebrew University Association, Jerusalem, Palestine; *Weinstein & Levinson*, attorneys for Betty Simonoff], for the respondents.

PER CURIAM. Plaintiff issued a policy of life insurance to Sally Brown, now deceased, who designated the beneficiaries therein as follows: " To such of the Cancer Clinic, of New York, New York, the New York Guild for the Jewish Blind, of New York, New York, and the Hebrew University, of Jerusalem, Palestine, as shall be in existence at the death of the insured, Beneficiaries, share and share alike, or, if none of the said institutions be then in existence, to the executors, administrators or assigns of the insured."

The uncontradicted evidence is that there was a cancer clinic owned and maintained by the city of New York under the name of the " New York City Cancer Clinic," and that there was no other institution in New York city of like name. This clinic is maintained as part of the department of hospitals of the municipality.

The trial justice held that the New York Cancer Clinic, being unincorporated, was incapable of taking and that the provision naming it as beneficiary was, therefore, void.

It also held that, since the gift was not expressly stated to be in trust, section 12 of the Personal Property Law, conferring *cy pres* powers upon the court, was not applicable.

Where a gift is made for charitable purposes to an organization which, though it is unincorporated, is a branch or subsidiary of a corporation, the courts have held the gift effective by awarding it to the corporation to be held by it in trust for the purposes of the gift. (*Kernochan v. Farmers' Loan & Trust Co.*, 187 App. Div. 668; affd., 227 N. Y. 658.)

The absence of express words of trust does not prevent the application of the *cy pres* powers of the court. (*Bowman v. Domestic & Foreign Missionary Society*, 182 N. Y. 494; *Manley v. Fiske*, 139 App. Div. 665; affd., 201 N. Y. 546.) As was said by MILLER, J., in *Manley v. Fiske (supra)*: " A trust is almost inseparably involved with a gift for charitable uses, and the statute provides for the case of a failure to select a trustee as well as for the case of indefiniteness of beneficiary." The *Manley* case (*supra*) was cited with approval in *Matter of Durbrow* (245 N. Y. 469, 477).

The judgment in so far as appealed from should be reversed, with costs, and judgment directed in favor of defendant City of New York for its proper share of the proceeds of the life insurance policy, as trustee for the Cancer Clinic of New York.

Present — MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ.; GLENNON, J., dissents.

Judgment, so far as appealed from, reversed, with costs, and judgment directed in favor of defendant City of New York for its proper share of the proceeds of the life insurance policy, as trustee for the Cancer Clinic of New York. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.