New York City Mission Society, Plaintiff, *v.* Board of Pensions of the Presbyterian Church in U. S. A., Defendant.

Supreme Court, Special Term, Kings County, March 15, 1940.

*Parsons, Closson & McIlvaine,* for the plaintiff.

*John J. Bennett, Jr., Attorney-General,* and *Esselstyn & Haughwout,* for the defendant.

Lockwood, J.   This is an action to partition three parcels of real property located in Kings county owned for years by the late Caroline B. (Mrs. Timothy G.) Sellew, who died testate, a resident of Essex county, N. J., on May 22, 1927.   The three properties are included in her residuary estate.

A question is raised as to the right of the defendant, The Board of Pensions of the Presbyterian Church in the U. S. A., to a two-elevenths share in such realty.

The points of law involved have been exhaustively briefed by counsel for the various parties. Three possibilities are suggested as to the disposition of this undivided two-elevenths share:

(1) To the defendant, Board of Pensions, etc., under paragraph 21 of the decedent's will.

(2) That it be equally divided among the other residuary devisees.

(3) That it belongs to the heirs of the testatrix as a lapsed legacy.

Under paragraph 21 of her will, dated April 8, 1921, testatrix gave, devised and bequeathed her residuary estate to eleven corporations, or organizations, all engaged in charitable, religious or educational activities.

Among those named were " The Presbyterian Board of Relief for Disabled Ministers and the Widows and the Orphans of Deceased Ministers of the Presbyterian Church in the United States of America," and " The Ministerial Sustentation Fund of the Presbyterian Church of the United States of America."

Two corporations which existed and operated for years under the laws of the State of Pennsylvania, under the names " The Presbyterian Board of Relief for Disabled Ministers and the Widows and Orphans of Deceased Ministers," and " Ministerial Sustentation Fund " were consolidated on October 28, 1918, prior to the making of the will, into a single corporation named " Presbyterian Board of Ministerial Relief and Sustentation." On January 20, 1928, the name of this corporation was changed to " The Board of Pensions of the Presbyterian Church in the U. S. A.," the defendant in this action.

Both the consolidation and the change of name were duly effected under the laws of the State of Pennsylvania. The defendant organization, last named, is unquestionably carrying out the work in which the two consolidated corporations were theretofore engaged. The decree of October 28, 1918, merged and consolidated the two old corporations " with all their rights, privileges, franchises, powers and liabilities," into the new corporation.

The authorities relied upon by counsel for the heirs have been examined and found inapplicable to the facts in this case.

The court has no power to revise the will of decedent, but must, so far as possible, permit the intention of the testatrix, expressed in her will, as to the distribution of her property, to be carried out.

Upon the record here, it is clear that the undivided two-elevenths share in dispute is vested in the defendant, The Board of Pensions of the Presbyterian Church in the U. S. A.

The property is so situated that an actual partition of it cannot be had, so it must be sold.

Settle decree accordingly on five days' notice.