NEW YORK CITY MISSION SOCIETY and COOPER UNION FOR THE ADVANCEMENT OF SCIENCE AND ART, Respondents, v. THE BOARD OF PENSIONS OF THE PRESBY-TERIAN CHURCH IN THE U. S. A., THE AMERICAN MUSEUM OF NATURAL HISTORY, THE METROPOLITAN MUSEUM OF ART, THE NEW YORK ASSOCIATION FOR THE BLIND, THE NORTHFIELD SCHOOLS, COMMUNITY SERVICE SOCIETY OF NEW YORK, THE WOMAN'S BOARD OF HOME MISSIONS OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA, MEMORIAL HOME OF UPPER MONTCLAIR FOR AGED PEOPLE, AGNES B. ASHLEY and ELLWOOD THOMAS, as Substituted Adminis-trator c. t. a. of the Estate of CAROLINE B. SELLEW, Deceased, and as Ancillary Administrator c. t. a. of Said Estate, and THE PEOPLE OF THE STATE OF NEW YORK, and JOHN J. BENNETT, JR., as Attorney-General of the State of New York, Respondents; DOROTHY L. GOLDSMITH, FRANCES M. GOLDSMITH and DOROTHY G. HARTT, Individually and as Executrices, etc., of CHARLES GOLDSMITH, Deceased, EDITH G. COOKE, THEODORA GOLDSMITH, BEATRICE GOLDSMITH, BERTHA A. SEARLE, HELEN A. SALMON, WILLIAM B. ASHLEY, THE FIRST NATIONAL BANK AND TRUST COMPANY OF MONTCLAIR, NEW JERSEY, as Executor, etc., of CORNELIA N. MULL, Deceased, and THE RECTOR, WARDENS AND VESTRYMEN OF ST. JAMES CHURCH IN THE TOWN OF MONTCLAIR, NEW JERSEY, Appellants.— In an action to partition certain parcels of real property constituting a part of the residuary estate devised and bequeathed to eleven named charities under the will of Caroline B. Sellew, interlocutory judgment, in so far as an appeal is taken therefrom, unani-mously affirmed, with costs in favor of the parties appearing by separate counsel and filing briefs, payable out of the fund involved. New findings of fact will be made as follows: (1) That under the law of Pennsylvania, the consolidation in 1918 of the " Presbyterian Board of Relief for Disabled Ministers and the Widows and Orphans of Deceased Ministers " and the " Ministerial Sustentation Fund " effected a dissolution of both corporations. (2) That neither of the said cor-porations existed as a separate legal entity when the will was executed or when it took effect. (3) That since the date of said consolidation the work formerly done by the two original corporations has been continued in the form of separate depart-ments or branches of the new corporation, now known as " The Board of Pensions of the Presbyterian Church in the U. S. A." We hold that the latter corporation is entitled, under the doctrine of *cy pres*, to the shares devised to the two corpora-tions which had become extinct before the death of the testatrix. Although the gifts were in form absolute, they should be construed as gifts in trust for charitable uses. (*Prudential Ins. Co.* v. *N. Y. Guild for Jewish Blind*, 252 App. Div. 493; *Matter of Durbrow*, 245 N. Y. 469, 477.) Where the named devisees become unincorporated bodies, constituting departments or branches of an existing cor-poration, the gifts should be made effective by awarding them, under the doctrine of *cy pres*, to the corporation for the benefit of such departments or branches. (*Kernochan* v. *Farmers' Loan & Trust Co.*, 187 App. Div. 668; affd., 227 N. Y. 658; *Prudential Ins. Co.* v. *N. Y. Guild for Jewish Blind, supra.*) The directions of

the twenty-second paragraph of the will make this disposition peculiarly suitable in the present case. It was plainly the intent of the testatrix that no charitable gift should fail by reason of the fact that the donee did not exist, or had ceased to exist, as a corporate body; and it was, therefore, provided expressly that in such an event the gift should pass to the controlling corporate affiliate. Appeal from decision dismissed, without costs. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ. [174 Misc. 268.]