## In the Matter of the Accounting of IRVING TRUST COMPANY, as Executor of FRANCES G. CALKINS, Deceased.

Surrogate's Court, Westchester County, June 1, 1943.

*McQuistion, Minturn & Kelly* for Irving Trust Company, as executor, petitioner.

*Sante J. Chessari,* special guardian.

MILLARD, S. This decedent died September 13, 1941, leaving her surviving an adopted daughter, Frances Calkins Smith, and a grandson, Robert Calkins Smith, an infant under the age of fourteen years, as her sole distributees. Her will, dated August 13, 1941, was admitted to probate in this court on September 20, 1941, and letters testamentary were issued to petitioner. The gross estate, amounting to $77,712.69, consisted of bank accounts and other personal property.

In this proceeding for the judicial settlement of the final account, the executor requests a judicial construction of paragraphs " FOURTEENTH ", " SEVENTEENTH " and " EIGHTEENTH " of the will, and asks permission to expend $500 for

the perpetual care of decedent's burial plot. The special guardian, appointed herein to protect certain infants and persons in the military service of the United States, has filed a report offering no objections to the relief requested.

Paragraph "FOURTEENTH" of the will contains nine separate gifts, each absolute in form but presumably intended as gifts for religious or charitable purposes. The court is called upon to construe two subdivisions of this paragraph, the first of which reads as follows: "To Manse Fund, Westminster Church of Yonkers, New York, One hundred dollars ($100)."

From the petition it appears there is no church or religious body in Yonkers, New York, known as "Westminster Church" or by a similar name except the Westminster Presbyterian Church of Yonkers, N. Y. Certain members of this church maintain a fund known as the "Manse Maintenance Fund" an unincorporated body, the funds of which are turned over to the trustees of the church, from time to time, and disbursed by them for charitable purposes. I am of the opinion that the decedent intended to make this gift to the trustees of the Westminster Presbyterian Church of Yonkers, New York, to be used by them in conjunction with the funds raised under the name of "Manse Maintenance Fund". In order to carry out the apparent intent of the decedent a gift in trust will be implied. (*Matter of Durbrow*, 245 N. Y. 469, 477; *Kernochan* v. *Farmers' Loan and Trust Company*, 187 App. Div. 668, affd. 227 N. Y. 658.)

The other provision of paragraph "FOURTEENTH", sought to be construed, reads as follows: "To the Disabled Minister's Fund of the Reformed Church in America, Five hundred dollars ($500.) ".

It is alleged in the petition and not controverted that although there is no corporation known as Disabled Minister's Fund of the Reformed Church in America, there is a corporation known as "The Ministers Fund of the Reformed Church in America", with offices at 156 Fifth Avenue, New York City. This corporation has several departments, one of which is known as the "Disabled Ministers Fund". It is evident, in my opinion, that the testatrix intended to make this gift to the aforementioned corporation known as "The Ministers Fund of the Reformed Church in America", to be used by it for the relief and assistance of disabled ministers. The gift is awarded to "The Ministers Fund of the Reformed Church in America", to be held by it in trust for the purposes above stated. (*Prudential Ins. Co.* v. *New York Guild for Jewish Blind*, 252 App.

Div. 493; *Kernochan* v. *Farmers' Loan and Trust Company, supra.*)

Request is also made for a construction of paragraph " Seventeenth " of the will, the pertinent portions of which read as follows:

" Seventeenth. I hereby give and bequeath the sum of Thirty thousand dollars ($30,000) to my trustees hereinafter named, In Trust, for the uses and purposes herein set forth, directing as follows:

(a). The net income thereof shall be paid to Frances Calkins Smith heretofore mentioned during her lifetime.

(b). If said Frances Calkins Smith, hereinafter referred to as Frances, survives me and her son Robert Calkins Smith, hereinafter referred to as Robert, survives her and he at the time of his mother's death is under thirty-five years of age, then the net income of the trust fund shall be paid to Frances during her lifetime and thereafter to Robert until he arrives at the age of thirty-five years; the trust shall then terminate and the principal of the fund shall be paid to Robert to have and to hold absolutely    *    *    *

(h). In the discretion of the trustees the principal of the trust fund may be resorted to for the purpose of defraying expenses of sickness or accident injuries, providing the income of the beneficiary shall in the judgment of the trustees be inadequate to pay said expenses. Any diminution of the principal for the purposes aforesaid shall be permanent and shall not be made up out of the subsequent income unless the trustees determine otherwise."

The question presented for determination is whether the provision in subdivision (h), above quoted, conferring upon the trustee discretionary power to invade principal for the purposes therein set forth, applies to the secondary life tenant during the life of the primary life tenant. I think not. In order to assure that the scheme of the testatrix will be carried out, it is necessary, in my opinion, to limit the exercise of such discretionary power to the particular beneficiary who at the time is entitled to receive the income of the trust fund and then only if, in the judgment of the trustee, the income of such beneficiary from all sources is inadequate to pay the expenses of his or her sickness or " accident injuries ". To construe the language, in the broader sense, that the trustee might use the principal for the benefit of the secondary beneficiary, prior to the death of his mother, would jeopardize her interest. In the event of a serious accident to or sickness of the grandson,

during the life of his mother, exercise of the power of invasion might deplete the entire fund and thereby defeat the primary estate. Such a construction is inconsistent with the apparent purpose of the testatrix.

Petitioner also requests that the provisions of paragraph "EIGHTEENTH" of the will be construed, the relevant provisions of which read as follows: "EIGHTEENTH. I give and bequeath the sum of Six thousand dollars ($6,000) to my trustees hereinafter named, IN TRUST, to defray expenses of said ROBERT CALKINS SMITH at a college or other school of higher education. The trust shall in any event terminate when said Robert Calkins Smith reaches the age of twenty-five years, and the balance, if any remaining, shall then be paid to him to have and to hold absolutely. * * * In the discretion of my trustees the income of the trust fund during Robert's minority may be paid to his mother for Robert's maintenance; after he attains his majority the income of the trust fund shall be paid to him.

"The net income of the trust fund shall be paid in quarterly installments." As hereinabove stated, both the daughter and grandson are now living and the latter is now an infant under fourteen years of age. The trustee is in doubt as to its authority to pay over the income for the maintenance of said infant, in advance of his admission to college. In my opinion the language employed is clear and unambiguous. The mandatory provision to pay the income quarterly is irreconcilable with any implied direction for accumulation. There is no discretion with respect to payment of the income; the discretion pertains solely to the recipient thereof, namely, the mother of the beneficiary or his duly appointed guardian during his minority. In effect, the will states that the trustee may discharge its obligation by paying the income to the mother, without the intervention of a legal guardian, so long as she is living and competent. In addition to the payment of income to the mother of the infant beneficiary, the trustee is authorized to use and apply such portion of the principal of the trust fund as in its judgment is reasonable and proper, in payment of expenses necessarily incurred by the beneficiary in attending a college or other school of higher education.

The application to expend the sum of $500 to establish a fund for the perpetual care of the family burial plot in Kensico Cemetery, where the remains of decedent are interred, is granted. (Surrogate's Ct. Act, § 314, subd. 3; Membership Corporations Law, § 91.)

Settle decree in accordance with this opinion and decision.