FIRST·METHODIST CHURCH OF PENN YAN, Plaintiff, *v.* HARRY M. PUTNAM, as Executor of CHRISTIE B. BRIGGS, Deceased, et al., Defendants.

Supreme Court, Equity Term, Yates County, July 24, 1947.

*Maurice W. McCann* for plaintiff.

*John E. Sheridan* for Harry M. Putnam, defendant.

CRIBB, J. The defendants, Soldier's and Sailor's Memorial Hospital of Yates County and the Women's Society of Christian Service of the First Methodist Church of Penn Yan have not appeared in this action. Putnam as executor of the estate of Briggs (hereinafter referred to as Putnam) has interposed an answer.

Upon written stipulation by plaintiff and Putnam the facts and exhibits have been submitted to this Court of Equity for determination.

The plaintiff is a religious corporation organized under and pursuant to the Laws of the State of New York, having its Church edifice and office at No. 168 Main Street, Penn Yan, New York. It was incorporated January 2, 1849, under the name of "The First Society of the Methodist Episcopal Church". About the year 1939 The Methodist Episcopal Church, The Methodist Protestant Church, and the Methodist Episcopal Church South were united into one, under the name "The Methodist Church". Chapter 163 of the Laws of 1942 of New York State (amdg. Religious Corporations Law, § 204-a) relating to the above religious organizations, reads in part as follows: " * * * all religious corporations or churches heretofore authorized to use, or known by, the names 'Methodist Episcopal Church,' 'Methodist Protestant Church' or 'Methodist Episcopal Church South' and all societies, conferences, boards, associations, corporations or other organizations directly connected therewith or subsidiary thereto shall eliminate from their respective names the word or words 'Episcopal,' 'Protestant' or 'South,' as the case may be, and all such churches, corporations and other organizations shall hereafter be known by such names as changed and amended by this section. * * * All churches or other corporations using the changed names as provided in this section shall continue to have and be possessed of all of the interest, property, and rights to which they are or may become entitled under their former corporate names."

Since the adoption of said act of the Legislature, the plaintiff has been known as The First Methodist Church of Penn Yan where it conducts religious services in accordance with the discipline and doctrines of the Methodist Church of the United States.

Eva G. Briggs (hereinafter referred to as the testatrix) died March 20, 1945. By her will, duly admitted to probate, she disposed of certain real property as follows: "I give my house and lot, No. 112 Lake Street, Penn Yan, New York, and my farm and vineyard of about 25 acres on Bluff Point, to my husband, Christie B. Briggs, for the term of his natural life; and upon the death of my said husband, I give said house and lot and said vineyard to the Ladies Aid Society of the First Methodist Episcopal Church of Penn Yan, New York." All the remainder of her property was given to her said husband who was named as executor of the will. Letters testamentary were issued to the husband, Christie B. Briggs. He has since died and no successor has been appointed.

Testatrix died seized of the house and lot mentioned in the will, but in her lifetime sold the twenty-five acres of land under a land contract and the purchase price has not been paid in full.

The Women's Society of Christian Service of the First Methodist Church of Penn Yan is a successor society to the Ladies Aid Society of the said First Methodist Episcopal Church of Penn Yan named as a legatee in said will and by reason thereof is made a party defendant herein.

The Soldier's and Sailor's Hospital of Yates County is made a party defendant herein by reason of its being named a residuary legatee under the will of said Christie B. Briggs of which defendant Putnam is executor. There are sufficient assets in the estate of Christie B. Briggs to pay all debts, legacies and transfer and inheritance taxes.

The "Ladies Aid Society of the First Methodist Episcopal Church of Penn Yan" was organized for the promotion of the financial, social and spiritual interests of said Methodist Church, and its successor renders the same service to the church. The Ladies Aid Society of the First Methodist Episcopal Church, like its successor, was an unincorporated society and therefore unable to take a gift of real estate by devise by reason of section 12 of the Decedent Estate Law.

The parties to this action are the only parties interested in the determination of the validity and effect of the provisions of the will of testatrix insofar as they affect the house and lot and twenty-five acre farm therein mentioned.

Upon the foregoing facts plaintiff demands judgment declaring that the true intent of the testatrix, and the effect of the provisions of her will, were to devise to plaintiff in fee simple the real property consisting of said house and lot, and her estate interest in the land contract for the sale of said twenty-five acre farm. Defendant Putnam as executor of the estate of Christie B. Briggs contends that the legacy and devise to the " Ladies Aid Society of the First Methodist Episcopal Church " was void and that, therefore, the property sought to be disposed of by that testamentary provision became a part of the residuary estate of testatrix and by reason thereof is now a part of the assets of the estate of Christie B. Briggs.

The Ladies Aid Society of the First Methodist Episcopal Church was a branch of that church organized for the purposes above stated. The provisions of the will of the testatrix evidence her deep interest in the work of this society and therefore the work of its parent corporation. The fact that the " Ladies Aid Society ", because it was not incorporated could not take under the will, does not render the legacy void. In the *Matter of Clendenin* (9 N. Y. S. 2d 875, 876) the court said: " To avoid a lapse of such bequests and to carry out the charitable wishes of testators the Courts have evolved a rule of construction whereby the parent corporation, if any, of such legatees may take. *Kernochan* v. *Farmers' Loan and Trust Co.*, 187 App. Div. 668, 175 N. Y. S. 831, affirmed, 227 N. Y. 658."

The *Kernochan* case (*supra*) has been cited with approval many times by our courts. (See, also, *Matter of Hochhalter*, 106 Misc. 419; *New York City Mission Society* v. *Board of Pensions of Presbyterian Church in U. S. A.*, 261 App. Div. 823; *Matter of Eaton*, 62 N. Y. S. 2d 348.)

The elimination of the word " Episcopal " from the name of the plaintiff after the execution of the will of testatrix does not affect the validity of the devise in question. Chapter 163 of the Laws of 1942, above quoted, provides that all churches or other corporations using the changed names as provided by the section shall continue to have and be possessed of all of the interest, property, and rights to which they are or may become entitled under their former corporate names.

While testatrix prior to her death had sold on a land contract the twenty-five acre farm devised by her will, she retained the record title at the time of her death, and the devise of such lands subject to the land contract is valid. Plaintiff should receive the unpaid balance of the purchase price named in the contract.

I hold that it was the intent of testatrix to devise the property in question to the plaintiff herein.

Findings and proposed judgment may be submitted accordingly. The parties have stipulated that any judgment rendered shall be without costs.