George Frankenthaler, S.
In its prior decision (1 Misc 2d 206) this court held that the bequest of one third of the remainder of the residuary trust to Loomis Sanatorium would be distributed in accordance with the cy pres doctrine, due to the inability of the designated legatees to fulfill testatrix’ charitable purposes. Determination of the manner in which this fund should be administered in order to “ most effectually accomplish [testatrix’] general purposes ” (Personal Property Law, § 12, subd. 2) was then deferred.
The will divides the residuary trust remainder equally among three charities, the Cathedral Church of St. John the Divine in the Diocese of New York, St. Luke’s Hospital and Loomis Sanatorium. In Paragraph Eighth, Subdivision C, testatrix expressed the preference that the church use its gift “ for its charities ” and stated her “ fervent desire, however, that the respective devises and bequests herein made to loomis sanatorium and to st. luke’s hospital, as aforesaid, will be used by each of said corporations to establish and maintain a free bed or beds, in their respective institutions, ‘ In memory of Emma W. Scott.’ ” A stipulation of facts submitted at the hearing held before the issuance of the earlier decision in this case, recites that during testatrix’ lifetime she had on several occasions during several years been a patient at Loomis and that she often spoke of the care and consideration extended to her there. Testimony established that Loomis had functioned as a tuberculosis sanatorium during her life, ministering both to patients able to pay and to those who could not afford to pay for treatment. The evidence demonstrates that St. Luke’s and the Cathedral Church of St. John the Divine are Episcopal institutions and that Loomis was connected with the Episcopal church at least to the extent of having had an Episcopal chapel as the only church on the premises as well as a resident chaplain of that faith. Loomis ministered to patients without regard to race, creed or color, as does St. Luke’s Hospital.
In implementing the cy pres rule the court must apply the gift to a charitable use “ as nearly as possible like that specifically mentioned in the will ” (Matter of MacDowell, 217 N. Y. 454, 466), guided by the decedent’s intention as expressed in the *692 will, interpreted in the light of surrounding circumstances. (New York City Mission Soc. v. Board of Pensions of Presbyt. Church, 174 Misc. 268, affd. 261 App. Div. 823, motion for leave to appeal denied 285 N. Y. 862; Matter of Neary, 194 Misc. 200.) Testatrix’ selection of Loomis manifested a desire to aid tuberculosis victims and arrest the progress of the disease through an institution in an Episcopal setting with whose objects she had become familiar through personal experience. Her interest in the advancement of Episcopal institutions is further evidenced by her gift of two thirds of the residue to the Cathedral Church of St. John the Divine and St. Luke’s Hospital (Matter of Walter, 150 Misc. 512; Matter of Brundrett, 87 N. Y. S. 2d 851; Matter of Shelton, 87 N. Y. S. 2d 853). In its attempt to select a beneficiary who would put this legacy to an analogous or parallel charitable use this court, with the co-operation of counsel, invited the assistance of the Hospital Council of Greater New York, the National Tuberculosis Association and other institutions who expressed their desire to share in this bequest and their willingness to further the purposes of the testatrix and to comply with her desire that the activity financed be associated with her name. Happily the advances of medical science in the campaign to eliminate tuberculosis have significantly reduced the number of sufferers from this disease and hence reduced the number of private hospitals dedicated to their care. Several sanatoria which might have qualified for this bequest in accordance with the cy pres doctrine recently closed their doors within a few months of each other.
This court finds that testatrix’ purpose is most closely approximated by making one half of this bequest available for the research projects now being conducted by the National Tuberculosis Association and dividing the remaining half between the other residuary legatees, the Cathedral Church of St. John the Divine and St. Luke’s Hospital. The church has indicated its intention to devote any sum it is awarded to charitable uses and primarily to help the mentally and physically ill. At St. Luke’s a number of beds are assigned to tuberculosis victims. The National Tuberculosis Association sponsors numerous projects in hospitals and educational institutions in the attempt to further the conquest of tuberculosis. These organizations serve the testatrix’ multiple charitable purposes, her desire to help the victims of tuberculosis and to further the good works of her church and its hospital. The selected beneficiaries are directed to file a more detailed description of the use to which the fund to be distributed will be put. It is not the intention of this court to prescribe the expenditure of *693 these moneys so closely as to substitute its judgment for that of the institutions but before final qualification is approved it will be necessary to indicate formally the nature of the program which will be supported and the manner in which the testatrix’ desire that her memory be preserved by identification with those charitable purposes will be satisfied.
Submit memoranda containing the requisite facts within three weeks from publication of this decision.
Proceed accordingly.