William T. Collins, S.
This is a proceeding for the settlement of a trustee’s account and for construction of the will for the purpose of determining the devolution of a bequest of one sixth of the residuary estate. Testator died on October 4, 1947 leaving a will which divided his residuary estate in six parts. One part was to be held in trust, income payable to Trudeau Sanatorium (now known as Trudeau Foundation, Inc.) at Saranac, N. Y. The gift was to be used for the care of indigent and needy patients suffering from tuberculosis. Principal was payable at any time in the trustee’s discretion, the trust to terminate and the corpus paid to Trudeau at the end of two measuring lives.
The sanatorium was closed in 1954 due to the decline in its patients; from 230 in 1930 to 70 in 1954. The decrease is nationwide and not confined to Trudeau. It is due to the early detection of the disease, the new drugs and the free care offered by our city and Federal institutions.
The decline in patients caused an operating loss to the sanatorium. Its board of trustees felt that the funds devoted to patient care would be better made available to increased research. The Trudeau laboratory, its department of biochemistry and radiology, the Saranac laboratory (part of Trudeau) and its field division in Ironwood, Michigan are still operating. The Trudeau School of Tuberculosis still conducts meetings. Trudeau continues to collaborate with the United States Health Services. The Foundation employs 45 persons with a payroll of approximately $275,000. These circumstances, obviously changed since the creation of the trust, make it impossible to comply with the terms of the decedent’s will, insofar as they required that the income and/or principal be used “ in the care of indigent and needy persons suffering from tuberculosis ”.
*127 In this proceeding the Foundation asks that the court exercise the cy pres powers vested in it by section 12 of the Personal Property Law, and direct that the trustee continue to pay the income and principal to Trudeau and that it be authorized to use the funds in connection with its research activity without the limitation stated in the bequest.
The Surrogate’s Court may in a situation where circumstances have so changed since the execution of a bequest to charity as to literally render the bequest impossible of performance, direct that the bequest be administered in such a way as in the discretion of the court will most effectively accomplish the general purpose of the instrument. (Personal Property Law, § 12, subd. 2.)
In the present instance circumstances have changed so as to make it impossible for the Foundation to use the funds for the care of patients and the court so holds. The next question is what is to be done with the trust.
Trudeau suggests that the charitable intent of the testator would be-substantially effected by continuing the payment of income and/or principal to it as it is presently operating. Neither the trustee nor the Attorney-General objects to this proposed disposition.
It appears from the record before the court that while the number of patients being treated for tuberculosis in sanatoria and hospitals has decreased, the need for research has not. The goal is now to prevent people from becoming afflicted and to attack the new pulmonary diseases related to tuberculosis arising in our crowded urban and industrial areas.
A recent case decided in the Supreme Court (Matter of Lee, 3 Misc 2d 1072) also involved Trudeau Foundation. In that instance the remainder of a trust was bequeathed to Trudeau for the purpose of constructing a memorial cottage for its patients. The same issue arose. Judge Levy after holding that the cy pres doctrine was applicable, discussed the need for further research citing the work done by Trudeau in this field. He decided that Trudeau should receive its remainder interest free of the limitation prescribed in the will.
Another decision (Matter of Scott, 1 Misc 2d 206) applied the cy pres doctrine to a bequest to another tuberculosis sanatorium. This situation was similar except when that sanatorium closed it did not continue a program of research. However, under cy pres in a supplemental decision (Matter of Scott, 5 Misc 2d 690) it was decided that testatrix’ charitable intent could be approximated by making a portion of the bequest available for research in the field of tuberculosis, the balance to a hospital.
*128 Again in Matter of Stern (N. Y. L. J., Dec. 24, 1953, p. 1553, col. 3) this court exercised its cy pres powers to remove the requirement in a bequest to Trudeau that a gift be used to establish and maintain a hospital for the care of consumptives.
In the light of these decisions and the established record in regard to the disease and the work being done to prevent it, it is held that the intention of the testator can be best effectuated by making the trust available to Trudeau Foundation, Inc. to fulfill its present program of research.
Submit decree settling account accordingly.