S. Samuel Di Falco, S.
Testator’s will gave his residuary estate to his trustees, the income and so much of the principal as may be necessary, to be used to make scholarships available to American citizens of Armenian descent. His will directed his executors and trustees to “ select one, or two, citizens each *149 year, as long as the fund lasts, and send them to study in the Armenian University, at Erivan, Armenian SSR ”, the scholarships not to be more than $1,000 per year per student and not for more than four years for any one student. The testator prescribed the qualifications of the students to be selected and then stated the object of the scholarships to be “ to provide the means to know the ideals and culture of the Armenian people, to promote better understanding and friendship, and create spiritual unity between the two nations.”
Because of the existing international situation, the fulfillment of the direction to send citizens to the Armenian University at Erivan is not possible or practicable. To permit students to attend that university might result in education with political indoctrination adverse to good American citizenship. The executor and the Attorney-G-eneral therefore request that the sending of students to centers of Armenian culture and study outside the U.S.S.R. be authorized.
It has long been the policy of the courts of this State where a fund is bequeathed for charitable purposes, to give the most liberal construction to the terms of the will in order to validate the bequest. The will must be read and considered in its entirety in order to carry out the intent of the testator. The gift for educational purposes in this will is clearly charitable. (Matter of Potter, 307 N. Y. 504; Matter of Neher, 279 N. Y. 370; Butterworth v. Keeler, 219 N. Y. 446; Matter of Donchian, 120 Misc. 535, affd. 209 App. Div. 806.) The main object of the testator’s charitable gift as stated by him was to provide the means to understand the ideals and culture of the Armenian people, to promote better understanding and friendship and create spiritual unity between the two nations. Obviously by the “ two nations ” testator meant the Armenian people and the American people. His clear charitable purpose must not be permitted to fail merely because the manner of carrying out his objective cannot be exactly effectuated. Certainly the mere fact that students cannot be sent to the University at Erivan should not cause the entire gift to fail. As stated in Matter of Neher (supra, p. 374): “ Such a grafted direction may be ignored when compliance is altogether impracticable and the gift may be executed cy pres through a scheme to be framed by the court for carrying out the general charitable purpose. (See Real Prop. Law [Cons. Laws ch. 50], sec. 113, subd. 2; Sherman v. Richmond Hose Co., 230 N. Y. 462, 472, 473; Matter of Gary, 248 App. Div. 373; 272 N. Y. 635; American Law Institute, Restatement of Law of Trusts, sec. 399, Comment at p. 1211.) ” Even had the University at *150 Erivan ceased to function entirely, the gift could now be carried out by the application of the cy pres doctrine. (L. 1953, ch. 715, § 2, eff. Sept. 1, 1953.) The court accordingly holds, under its broad and enlarged powers, that compliance with the purpose and intention of the testator could best be effectuated by cy pres and directs that the fund be paid to the Armenian General Benevolent Union, Inc., which in the opinion of the court is competent and able to carry out the directions of the testator so far as possible. The court specifically authorizes the Union to send American citizens to centers of Armenian culture for study outside the “ iron curtain” countries in keeping with the testator’s charitable and educational purpose.
The reasonable compensation of the attorney-executor is fixed and allowed in the amount requested.
Submit decree on notice.