George Boldman, S.
This is a proceeding for a decree determining the validity, construction and effect of subdivision c) of paragraph eleventh of the last will and testament of Frederick W. Martin, deceased, instituted by petition of Endicott Trust Company, the duly qualified and acting executor.
The Trustees of the Masonic Hall and Asylum Fund, and Newark Valley Lodge No. 614, F. & A. M., were cited in connection with the proceeding and have appeared and filed memoranda of law.
Subdivision c) of paragraph eleventh of said will, which is part of paragraph eleventh, reads as follows:
‘1 eleventh : All the rest, residue and remainder of my property, real, personal and mixed, wheresoever situate, I give, devise and bequeath to the following three (3) organizations, one-third (Vs) to each, in equal shares, share and share alike:
a) The American Legion Mountain Camp, Inc., having a Post Office Address of Tupper Lake, New York;
b) Veterans of Foreign Wars National Home, having a Post Office Address of Route #1, Eaton Rapids, Michigan; and
c) Masonic Brotherhood Fund, having a Post Office Address of 71 West 23rd Street, New York, 10001 and if for any reason whatsoever said one-third share of my residuary estate cannot be so devised and bequeathed to said organization, then said one-third share of my residuary estate is to be devised and bequeathed to Newark Valley Lodge No. 614, F. & A. M., having an office at Whig Street, Newark Valley, New York, and I request that said local lodge use said monies for said Masonic Brotherhood Fund.”
After consideration of the memoranda of the parties and the above-quoted subdivision c) of paragraph eleventh, it is decided and found as follows:
*853 1. All parties concerned admit the nonexistence of a legal entity entitled “ Masonic Brotherhood Fund ”.
2. If the testator had made no further provision for disposition of this portion of his residuary estate, then the arguments of respondent Trustees of the Masonic Hall and Asylum Fund (hereinafter called “ Trustees ”) to invoke the cy pres doctrine, which argument is apparently based only upon logic, as said Trustees have failed to cite a single case or authority in support of their position, might be favorably considered by this court.
3. The testator in clear, unequivocal language, did provide for this very contingency now before this court when he stated “ and if for any reason whatsoever said one-third share of my residuary estate cannot be so devised and bequeathed to said organization, then”.
The contention of the Trustees set forth in page 7 of their memorandum dated October 24, 1968, that: ‘ ‘ However, there is no reason why the gift cannot be received by the corporation mentioned ” is without merit on its face. It is succinctly set forth in Carmody-Wait 2d'(New York Practice, vol. 27, § 162:19) that: ‘1 On the primary question of what disposition the testator actually intended, former decisions of the courts have, however, substantially no value as guides.
“ It has been said that there is probably no branch of the law upon which precedents are of less value than in questions involving testamentary construction, since slight variations of phrase, or differences in arrangement, may lead to opposite results. Except for the enunciation of general canons of construction, prior decisions involving will construction are generally not too useful as authoritative citations, for the language in each will in most cases differs. It is the close scrutiny of the language of the entire will which enables the court to determine what the testator intended. ’ ’
The careful reading of the entire paragraph eleventh vividly discloses that in both subdivisions a) and b) there is no equivocation as to names of the designated residuary beneficiaries and in each instance said name is the full and correct legal name of charitable corporations. This same reading of subdivision c) discloses that the testator was aware that name “ Masonic Brotherhood Fund ’ ’ may not have been a correct legal designation and such incorrectness might lead to frustrating his intention, therefore to eliminate argument, litigation, and to remove all possible ambiguity the testator clearly set forth “ and if for amy reason whatsoever said one-third share of my residuary estate cannot be so devised and bequeathed to said organization” (italics supplied).
*854 In this case now before this court, it is apparent that said organization, “ Masonic Brotherhood Fund”, cannot receive such bequest and devise because there is no such entity. It would require this court to judicially decide the testator’s intention in order for the Trustees herein to be declared the organization intended by the testator. This court will not decide, nor need it decide if the Trustees herein would be such designated organization by utilization of the cy pres doctrine, because the testator clearly provided for this very contingency. The testator provided and designated a legal entity, namely Newark Valley Lodge No. 614, F. & A. M., (hereinafter called Newark Valley Lodge) as contingent residuary beneficiary for said one-third share of his residuary estate and this court will not defeat the intention of the testator.
4. It is the decision of this court that there is no legal entity entitled Masonic Brotherhood Fund and by reason of the nonexistence of any such organization, that the contingent designated beneficiary, Newark Valley Lodge, is to be paid said one-third share of the residuary estate of said decedent.
5. The issue has not been raised by the petitioner now before this court, but in an attempt to eliminate future litigation and to save expenses on behalf of the executor herein, this court further finds that there is no trust impressed .upon said Newark Valley Lodge by reason of the language set forth in said subdivision c) of paragraph eleventh of decedent’s will, namely: “ and I request that said local lodge use said monies for said Masonic Brotherhood Fund.”
It is ironical that the use of the word “ request ”, ordinarily meaning “ Act or an instance of, asking for something or some action desired; entreaty; petition ” (Webster’s Collegiate Dictionary [5th ed.]; Black’s Law Dictionary [3d ed.]) and which has been judicially defined as ‘ ‘ Under ordinary circumstances, the use of the word 1 request ’ in connection with an absolute gift of money or property is construed as precatory ” (Matter of Daintrey, 125 Mise. 369, 371, by learned Surrogate Foley), has led to such voluminous litigation and judicial constructions. A most sound treatise expounding upon such word “ request ” is the Court of Appeals decision in Spencer v. Childs (1 N Y 2d 103, 105-109), and especially on page 107 when the court held: “ And so it is with words such as ‘request’, ‘wish’, and ‘ desire. ’ Although ordinarily to be read as precatory, see Matter of Daly [1 N Y 2d 100,102], they will be taken to connote a hope or a command depending on whether the author ‘ meant by them simply to advise or inform a discretion which is vested in somebody or to control or direct a certain disposition.’ *855 (7 Warren’s Heaton on Surrogates ’ Courts [6th ed., 1951], p. 184.) In seeking an answer to the question, the testator’s intent and meaning are to be gathered, not alone from the language and terms of the instrument itself, but also from the conditions and circumstances extrinsic to it. (See Collister v. Fassitt, 163 N. Y. 281, 286; see, also, 3 Page on Wills [3d ed., 1941], § 1179.) ”
In the case now before this court, I find that the word ‘‘ request ’ ’ must be precatory because the testator was fully aware that if there is no legal entity entitled “ Masonic Brotherhood Fund ”, then a trust may not be imposed upon the Newark Valley Lodge to use such moneys for a purpose that cannot be defined.