■   In the Matter of the Estate of FREDERICK W. MARTIN, Deceased. TRUSTEES OF MASONIC HALL AND ASYLUM FUND, Appellants; ENDICOTT TRUST COMPANY, as Executor of FREDERICK W. MARTIN, Deceased, et al., Respondents.— COOKE, J. Appeal from a decree of the Surrogate's Court of Tioga County, entered January 17, 1969, in a construction proceeding which adjudged that one third of decedent's residuary estate be paid to Newark Valley Lodge No. 614, F. & A. M. Frederick W. Martin died April 3, 1968 leaving a will in which one third of the residue of his property was devised and bequeathed to the "Masonic Brotherhood Fund, having a Post Office Address of 71 West 23rd Street, New York, New York, 10001 and if for any reason whatsoever said one-third share of my residuary estate cannot be so devised and bequeathed to said organization, then said one-third share of my residuary estate is to be devised and bequeathed to Newark Valley Lodge No. 614, F. & A. M., having an office at Whig Street, Newark Valley, New York, and I request that said local lodge use said monies for said Masonic Brotherhood Fund." Appellant concedes that the Masonic Brotherhood Fund is a committee and not a legal entity, and it is well settled that an unincorporated association or group is incompetent to take and hold property by devise and bequest (*Matter of Merritt*, 280 N. Y. 391, 399; but cf. EPTL 3-1.3, subd. [b]). The prime consideration of all construction proceedings is the intention of the testator as expressed in the will, all canons of interpretation being subordinate to this regard (*Matter of Larkin*, 9 N Y 2d 88, 91); and the second rule is that this intention must be gleaned, not from a single word or phrase, but from a sympathetic reading of the document as a whole (*Matter of Thall*, 18 N Y 2d 186, 192; *Matter of Fabbri*, 2 N Y 2d 236, 239–240; cf. *Matter of Potter*, 307 N. Y. 504, 517). Furthermore, the most liberal construction will be given to the terms of a will in order to validate a charitable bequest (*Matter of Potter*, supra; *Matter of Durbrow*, 245 N. Y. 469, 474; *Matter of Aramian*, 9 Misc 2d 148, 149; 1 Harris, Estates Practice Guide [3d ed.], p. 88). Although resort might be had to the rulings, where there is a parent organization legally capable of taking and holding property, upholding such gifts as gifts in trust to such parent organization for the benefit of the associations, to the end that the charitable purpose be not frustrated (*New*

York City Mission Soc. v. Board of Pensions of Presbyt. Church in U. S. A., 261 App. Div. 823, mot. for lv. to app. den. 261 App. Div. 932, mot. for lv. to app. den. 285 N. Y. 862; Prudential Ins. Co. of America v. New York Guild for Jewish Blind, 252 App. Div. 493; Kernochan v. Farmers' Loan & Trust Co., 187 App. Div. 668, 672, affd. 227 N. Y. 658; Matter of Lemcke, 53 N. Y. S. 2d 253, 255), the specific condition or alternative provided for by testator need not and should not be overlooked (cf. Matter of Syracuse Univ. [Heffron], 3 N Y 2d 655; City Bank Farmers Trust Co. v. Arnold, 283 N. Y. 184, 194; Matter of Fletcher, 280 N. Y. 86, 90–91), in order to "save" the charitable gift. Passing to the alternate, respondents point to the word "request." In construing the testamentary instrument, we should not be mesmerized by this single word but, rather, mindful of the admonition that there is no more likely way to misapprehend the meaning of language, be it a constitution, statute, will or contract, than to read words literally, forgetting the object which the document as a whole is meant to secure (Essenfeld Bros. v. Hostetter, 14 N Y 2d 47, 52; Spencer v. Childs, 1 N Y 2d 103, 106–107). Although words such as "request", "wish" and "desire" are ordinarily read as precatory, they will be taken to connote a hope or command depending on whether the author meant by them simply to advise or inform a discretion which is vested in somebody or to control or direct a certain disposition; one circumstance, indicative of direction, being the degree of clarity or precision employed by the testator in describing the disposition in question — that is, the persons to take, the subject matter or amount of the gift, its terms and duration (Spencer v. Childs, supra). Although there may be other indicia, here the alleged bequest is so definite as to amount and subject matter, the charity to take, terms and duration, as to be capable of execution by a court and, being in conformity with the expressed testamentary intention, creates a trust (Phillips v. Phillips, 112 N. Y. 197, 204; Matter of Falvey, 15 A D 2d 415, 420, affd. 12 N Y 2d 759). The intention that the Masonic Brotherhood Fund be the beneficiary is evident from the dispositive language of the subparagraph in question in which the Fund is mentioned in recipient terms, not once but twice. A condition is employed to assure enjoyment by the Fund. The insertion of the title and address of the Fund combined with the reference to the Newark Valley Lodge No. 614, F. & A. M., as the "local lodge" yield an inference of the subordinate position of the latter. The words "use said monies for said Masonic Brotherhood Fund" import a trust (cf. King v. Richardson, 136 F. 2d 849, 857). Decree modified, on the law, by amending the first decretal paragraph so as to provide that the executor shall, pursuant to the provisions of subdivision (c) of paragraph Eleventh of the last will and testament of Frederick W. Martin, pay one third of the residuary estate to Newark Valley Lodge No. 614, F. & A. M., as trustee of the Masonic Brotherhood Fund of 71 West 23rd Street, New York, New York 10001 for payment to the said Fund, and, as so modified, affirmed; with one bill of costs to all parties filing briefs, payable from the residuary estate. Herlihy, J. P., Reynolds, Aulisi and Cooke, JJ., concur in memorandum by Cooke, J. Greenblott, J., not voting. [58 Misc 2d 851.]