■ In the Matter of the Estate of ELLIS W. BROWN, Deceased. SALVATION ARMY, Appellant; TOMPKINS COUNTY TRUST COMPANY et al., Respondents. — Weiss, J. Appeal from that part of an order of the Surrogate's Court of Tompkins County (Friedlander, S.), entered October 26, 1983, which denied petitioner's motions for partial summary judgment and to disqualify the attorney representing respondent Tompkins County Trust Company.

Paragraph "Third" of the last will and testament of Ellis W. Brown, deceased, which was duly admitted to probate on January 26, 1978, created a charitable remainder unitrust for the lifetime benefit of the widow, with the remainder payable after her death as follows: "(b) Upon the death of my wife, the Trustee shall distribute all of the then principal and appropriate income of the Trust (excluding any amount due my wife) *to the Ithaca,*

*New York office of the Salvation Army, to be used by it for its general purposes*" (emphasis supplied). It is undisputed that the "Ithaca, New York office of the Salvation Army" is an unincorporated branch of the Salvation Army, which is ineligible to take the charitable remainder under New York law (*see, Matter of Martin,* 32 AD2d 849; *cf.* EPTL 3-1.3 [b]).

After the death of the widow, the trustee refused to comply with the demand of the Salvation Army, as parent corporation of the Ithaca, New York, office, to pay over some $150,000 in trust assets, asserting that the Salvation Army intended to use the funds in a manner inconsistent with the terms of the will, i.e., for capital projects instead of the current operating budget of the local Ithaca office. When the Salvation Army filed a petition to compel compulsory accounting and distribution, the trustee responded by denying that the Salvation Army was the intended beneficiary and by filing a petition for voluntary accounting and construction, in which it asserted that the testator intended the trust assets to remain in Ithaca for application to "the general operating budget" of the Ithaca office. The petitioners were consolidated for disposition and the Surrogate denied motions by the Salvation Army for (1) partial summary judgment, (2) disqualification of the trustee's attorney, and (3) exclusion of the advisory board of the Ithaca, New York, office and its officers as parties to the proceeding. This appeal by the Salvation Army ensued.

Upon review of the parties' briefs and consideration of the oral argument, it becomes clear that the parties agree that while the Ithaca, New York, office of the Salvation Army, as intended recipient, is ineligible to take because it is unincorporated and not a legal entity, the Salvation Army, as parent corporation, is authorized to take the bequest in order to sustain the gift (*see, Matter of McCarthy,* 49 AD2d 204, 209; *Kernochan v Farmers' Loan & Trust Co.,* 187 App Div 668, 672, *affd* 227 NY 658). It is further acknowledged that the Salvation Army must utilize the funds for the exclusive benefit of the Ithaca, New York, branch as those interests may appear, with due deference to the concerns of the local advisory board (*cf. Matter of Martin, supra*). We emphasize that the "general purposes" of the local office include any necessary expenditures promoting the interests of the Salvation Army in Ithaca, New York, be they for current operating costs or capital improvements. It becomes clear that the issues of fact accurately noted by the Surrogate when refusing to grant partial summary judgment have been dissipated by the parties in their briefs and oral arguments upon this appeal and no longer exist. By agreeing that the Salvation Army will retain

the funds for the benefit of the Ithaca, New York, branch of the Salvation Army, the parties have assured fulfillment of the testator's intent, which is, of course, the prime consideration before us (*Matter of Bellows,* 103 AD2d 594, 597).

Accordingly, we direct that the trustee pay the charitable remainder to the Salvation Army, which organization is required to implement the fund in accordance with this decision (*see,* EPTL 3-1.3 [b] [1], [6]; 8-1.1 [c], [d]). We further note that a determination of the issue regarding the disqualification of the trustee's attorney is no longer necessary.

Order modified, on the facts, without costs, by reversing so much thereof as denied petitioner's motion for partial summary judgment; said motion granted and matter remitted to the Surrogate's Court of Tompkins County for entry of a decree in accordance with this decision; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.