OPINION OF THE COURT
Eugene L. Nicandri, S.
This is a proceeding to construe paragraph fourth: m of the will of Margaret M. Casey, deceased, and to declare the validity and effect of the disposition contained in that paragraph of the will.
Due and timely notice of the proceeding has been given to the Attorney-General in accordance with EPTL 8-1.1 and to the other beneficiaries of the residuary estate under paragraph fifth of the will.
Apart from the notice of appearance filed by the Attorney-General and the admissions of service executed by the residuary legatees, no party has filed papers in this proceeding, except for the petitioner. No party has proposed any particular construction of the language contained in paragraph fourth: m of the will. That provision of the will reads as *539 follows: "fourth: m. to st. Lawrence university, Canton, New York, the sum of Twenty Five Thousand Dollars ($25,000.00). That said bequest is to be used for the establishment of a trust fund, to be known as the John T. Casey Trust. Said trust fund to be used for a period of twenty (20) years for financial assistance to students in attendance at said university, in such amounts as may be determined by the trustees of said University and pursuant to the guidelines established by said University for said purposes. That further, and with reference to said trust, that priority and preference shall be extended to any children of any of my relatives who may attend St. Lawrence University.”
The university raises three questions concerning interpretation of the will provision. Firstly, the university points out that the term of the trust is 20 years, but that the university is authorized to expend such amounts as it may determine. Does this permit invasion of principal, and if so, to what extent? Secondly, what is the meaning of the words "priority and preference”? Thirdly, what is the meaning of the words "children” and "relatives”?
EPTL 8-1.1, governing the disposition of property for charitable purposes provides that no disposition of property for charitable purposes, otherwise valid under the laws of this State, is invalid by reason of the indefiniteness or uncertainty of the persons designated as beneficiaries. Thus, as the Appellate Division noted in Matter of Carper (67 AD2d 333, 336 [4th Dept 1979], affd 50 NY2d 974): "The primary duty of the court is to find and implement the intention of the testator as it is manifested in the language of the will (Matter of Jones, 38 NY2d 189). Where gifts to charity are involved, several additional rules of construction are relevant. When a testator evinces a charitable intent, it will be given effect by application of liberal rules of construction (Matter of Nurse, 35 NY2d 381). Charitable trusts do not need the same degree of certainty as to the beneficiaries that other gifts do (Allen v Stevens, 161 NY 122), and a charitable gift should be sustained whenever possible under the cy pres doctrine in the light of the intention of the testator (Matter of Kirkbride, 261 App Div 853).”
In Carper (supra, at 336) the court went on to note that "[a] gift in trust to be distributed among various charities as the trustee sees fit, is a valid charitable gift”.
A liberal construction should be given to the will in order to *540 validate a charitable bequest. (Matter of Martin, 32 AD2d 849 [3d Dept 1969].)
As noted in Carper (supra), the testator’s intent is to be determined insofar as possible from within the language of the will, and is to be determined by construction of the entire will and not simply by examination of detached paragraphs. (Matter of Dow, 55 AD2d 323 [4th Dept 1977].) Words may never be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. (Matter of Van Cleaf, 81 Misc 2d 854 [Sur Ct, NY County 1973].)
If the testatrix’s intention is not clear, then it must be gleaned not from single words and phrases, but from a " 'sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed’ ” (Matter of Dupuy, 29 AD2d 965, 966 [2d Dept 1968], affd, in part and appeal dismissed in part 23 NY2d 1013; Matter of Kosek, 31 NY2d 475 [1973]). Once the intention of a testator has been determined by the court, that intention must govern the disposition of property, unless such a disposition is contrary to public policy or established law. (Matter of Walker, 64 NY2d 354 [1985].)
From its examination of the will as a whole, the court notes that the testatrix made provision for as many as 36 specific monetary bequests, depending on whether or not certain persons survived the testatrix. The will contains numerous charitable bequests. Two of these, including the one now being construed, involve trusts. The remaining nine charitable bequests are outright gifts of money. Of the numerous potential bequests of money, 13 involve the sum of $2,000.
From examination of paragraph fourth: m, the court finds a clear intention to make a $25,000 gift to St. Lawrence University. No remainderman was specified for the trust to be created under that paragraph. It is clear to the court from the language of the bequest itself, that the testatrix intended the bequest to be a permanent gift to St. Lawrence University.
The bequest further provides that the fund is to be used "for a period of twenty (20) years”. Clearly the period of 20 years was of significance to the testatrix, as was her desire that the university have some discretion in its administration of the trust. If the court were to read the bequest as authorizing discretionary invasion of the principal of the trust, it would be possible that the trust could become exhausted before the expiration of 20 years.
*541 An alternative interpretation, of course, would be that the testatrix intended the fund to be invested over a 20-year period, during which the interest upon the investment would be made available for financial assistance within the discretion of the trustees, both as to who would be the recipients and the amount any individual recipient might receive in any particular year. Such an interpretation is reasonable and gives meaning to all of the words contained in the bequest. Furthermore, such a fund could, under certain circumstances, produce annual income of approximately $2,000. This sum was repeatedly specified by the testatrix in her other testamentary gifts.
The court hereby determines that the testatrix intended that the $25,000 bequest be invested over a 20-year term. During such term, the decision on the amount of the interest to be paid out for financial assistance to students in attendance at the university is discretionary with the trustees, subject to their established guidelines and the further priority for children of the testatrix’s relatives.
Under this interpretation, the court must determine what is to happen at the end of the 20-year term, and therefore directs that at the end of 20 years the remaining principal and any unexpended interest shall pass free of trust to St. Lawrence University for its use in providing financial assistance to students in attendance at the university, free of the other limitations contained within the language of the bequest.
The court must next consider what meaning to give to the words "priority” and "preference”. It follows from the court’s decision as to the first question that the required priority and preference will only be relevant during the 20 years of the trust. This is consistent with the language of the bequest itself, which uses the words "that further, and with reference to said trust” concerning the priority and preference to be extended.
Petitioner’s counsel has tendered to the court a set of written guidelines of St. Lawrence University concerning its policy and regulations governing grants of financial aid. To the extent here relevant, these clarify the university’s policy of determining the need for financial aid of an applicant based upon "congressional methodology” analysis for all Federal and university funds. This document, and the accompanying statement of the endowment, investment and spending policies and *542 objectives of the St. Lawrence University Investment Committee, will be marked as court exhibits and retained in the court file for future reference. It is impossible for the court to determine what the testatrix may have meant by "guidelines established by the University”, as contained in the bequest, without examining those guidelines. The court may consider extrinsic evidence in order to resolve an ambiguity in the will, and in order to give effect to the intent of the testatrix. (Matter of Symonds, 79 AD2d 24 [4th Dept 1981].)
The guidelines show that financial aid at St. Lawrence University is awarded to needy students based upon objective criteria. The court must now consider how priority and preference in the use of the trust income may be extended to children of the testatrix’s relatives who attend the university. The only interpretation which makes any sense to the court, and in the absence of any suggested interpretation from any of the parties, is that if the university becomes aware that a child of a relative of the testatrix is in attendance at St. Lawrence University, and that such person is otherwise eligible for financial aid as determined by the general criteria of the university in effect at the time, any portion of the annual income of the trust fund which the trustees may elect to apply to financial aid in that particular year shall first be made available to a child of a relative of the testatrix, before such income is made available to other eligible students at the university.
The court now turns to the meaning of the word "relatives” in the bequest. The strong weight of authority is to the effect that the word "relatives” should mean all persons who would take under the statute governing intestate distribution. (Gallagher v Crooks, 132 NY 338 [1892]; In re Kane’s Estate, 159 NYS 992 [Sur Ct, NY County 1916]; see also, 7A Warren’s Heaton, Surrogates’ Courts § 36, fl 2 [6th ed].) The court will follow this precedent and adopt and limit the class of eligible relatives to those who could take an intestate share of a decedent’s estate, as defined in EPTL 4-1.1. The court will also adopt as part of its limiting interpretation the definition of "issue” contained in EPTL 1-2.10. Thus, a relative entitled to priority under the terms of the bequest will include a descendant of the testatrix in any degree and will further include adopted children and children of half blood. The term "relatives” will also include brothers or sisters of the testatrix, or their issue, or the issue of grandparents or great grandparents *543 of the testatrix, in the nearest degree of kinship, as provided in EPTL 4-1.1.
Finally, the court must construe the word "children” as contained in the bequest. Once again, the court will follow long-standing precedent and interpret the word "children” to mean issue or descendants of the testatrix in the first degree. (See, 7A Warren’s Heaton, Surrogates’ Courts § 37, |J 1 [6th ed], and cases therein cited.)